William J. McDONOUGH, Appellant,

v.

CITY OF ST. PAUL, Respondent.

Richard M. FISHER, an individual, Defendant and Third Party Plaintiff,

v.

KABO REALTY COMPANY, et al., Third Party Defendants.

No. C6–85–1723.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Leo F. Feeney, Susan R. Nelson, Robins, Zelle, Larson & Kaplan, St. Paul, for appellant.

Karla F. Hancock, Asst. City Atty., St. Paul, for City of St. Paul.

Considered and decided by LESLIE, P.J., PARKER and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

LESLIE, Judge.

Appellant William J. McDonough seeks damages for injuries sustained on February 4, 1983, when he fell into an open coal hole in a public sidewalk in St. Paul while making a service call in the ordinary course of his employment. Appellant subsequently received workers' compensation benefits. Because those benefits did not adequately compensate him for his injuries, he brought this action against the City of St. Paul and the owners and lessee of the property abutting the coal hole.

This appeal arises from a judgment entered granting the City's motion for summary judgment on grounds that Minn.Stat. § 466.03, subd. 2 (1984) bars this action. This provision provides governmental immunity to a municipality if the plaintiff has recovered workers' compensation benefits under Minnesota law.

Appellant claims that Minn.Stat. § 466.- 03, subd. 2 violates his equal protection rights under the fourteenth amendment to the United States Constitution and article I, section 2 of the Minnesota Constitution. After appellant filed this appeal, the Minnesota Supreme Court decided the case of *Bernthal v. City of St. Paul,* 376 N.W.2d 422 (Minn.1985). In *Bernthal,* the supreme court held that Minn.Stat. § 466.03, subd. 2 violates the equal protection guarantees of the state and federal constitutions because it unconstitutionally discriminates between victims of municipal tortfeasors who are covered by the Workers' Compensation Act and those who are not.

Respondent has failed to file a brief in this matter.

## DECISION

Based on the supreme court's decision in *Bernthal,* we reverse the trial court's award of summary judgment in favor of respondent.

Reversed.