¶ 1. On December 12, 1996, Mary Maxwell ("Maxwell") filed a complaint in the Jackson County Circuit Court against Jackson County, Mississippi, alleging she had fallen at the Jackson County Youth Court as "a proximate result of the negligence of Jackson County, its agents, servants, contractors and/or employees." After filing a timely answer, Jackson County in a motion for summary judgment, argued, inter alia, that Maxwell's claim was barred by the Mississippi Tort Claims Act, specifically Miss. Code Ann. §11-46-9 (1)(l) (Supp. 2000). Jackson County argued that pursuant to the statute, it was not liable to Maxwell because she was an employee of a governmental entity whose injury was covered by the workers' compensation law of this state by benefits furnished by the governmental entity by which she was employed, in this case, the State of Mississippi. The circuit court granted a dismissal pursuant to Miss. R. Civ. P. 41(b) on the grounds that Maxwell's claim was barred by the statute. *Page 902 
¶ 2. We affirm the circuit court's finding that, pursuant to Miss. Code Ann. § 11-46-9 l), Maxwell's claim was barred as against Jackson County, Mississippi.
 I.
¶ 3. On September 22, 1995, Maxwell was employed by the State of Mississippi as a Youth Services Counselor Trainee/Probation Officer at the Jackson County Youth Court Facility located in Jackson County, Mississippi. While working on the premises of the Youth Court Facility, Maxwell slipped and fell when she walked on wet carpet that had been steam cleaned that morning by maintenance employees of Jackson County. Maxwell alleges that there were no warning signs present in the area where she fell. Maxwell also claims that maintenance employees of Jackson County failed to warn her of the dangerous condition which ultimately caused her to slip and fall. As a result of her fall, Maxwell sustained injuries to her left arm and back.
¶ 4. At the time of the accident Maxwell was acting within the course and scope of her employment and consequently, her injuries and resulting medical bills were covered by the workers' compensation laws of Mississippi. Maxwell received medical and wage benefits on behalf of her employer, the State of Mississippi.
¶ 5. At the time of the accident, Jackson County had in effect a liability insurance policy which provided coverage for the subject accident. The policy limit was $1,000,000 for premises liability occurrences. On December 12, 1996, Maxwell initiated this litigation against Jackson County essentially alleging a premises liability cause of action. After Maxwell presented her case in chief in a non-jury trial on March 29, 1999, Circuit Judge Dale Harkey granted Jackson County's Rule 41(b) motion to dismiss. Maxwell now appeals from that dismissal.
 II.
¶ 6. In considering a Rule 41(b) motion to dismiss, the judge should consider "the evidence fairly, as distinguished from in the light most favorable to the plaintiff," and the judge should dismiss the case if it would find for the defendant. Century 21Deep S. Properties, Ltd. v. Corson, 612 So.2d 359, 369 (Miss. 1992). "The court must deny a motion to dismiss only if the judge would be obliged to find for the plaintiff if the plaintiff's evidence were all the evidence offered in the case."Id. (citations omitted). "This Court applies the substantial evidence/manifest error standards to an appeal of a grant or denial of a motion to dismiss pursuant to M.R.C.P. 41(b)." Id. (citations omitted).
 III. 1. WHETHER THE SOVEREIGN IMMUNITY PROTECTIONS OF MISS. CODE ANN. § 11-46-9 ARE WAIVED WHEN A GOVERNMENTAL ENTITY PURCHASES LIABILITY INSURANCE IN EXCESS OF THE LIMITS IMPOSED BY MISS. CODE ANN. § 11-46-15.
¶ 7. In dismissing Maxwell's action, the circuit court held that the existence of insurance coverage for the claim presented had no impact on the exemptions from the waiver of sovereign immunity provided under Miss. Code Ann. § 11-46-9. In other words, the circuit court ruled that it did not matter that Jackson County had liability insurance coverage for Maxwell's claim because it was still barred by virtue of Miss. Code Ann. § 11-46-9.
¶ 8. Maxwell argues that regardless of whether Miss. Code Ann. § 11-46-9 provides an exemption from the waiver of sovereign immunity, a governmental entity waives such immunity if it has purchased liability insurance which provides coverage for the type of injury sustained. Maxwell relies on a pre-MTCA case for the proposition that "liability insurance, to the extent *Page 903 
it protects the public funds, removes the reason for, and thus immunity to, suit." Churchill v. Pearl River Basin Dev. Dist.,619 So.2d 900, 905 (Miss. 1993). Maxwell asserts that the reasoning found in Churchill remains sound even after the adoption of the MTCA and is still consistent with the real purpose of the sovereign immunity doctrine. To the contrary, this case was superseded by statute as stated by this Court in L.W. v. McCombSeparate Municipal Sch. Dist., 754 So.2d 1136, 1144-45 (Miss. 1999). Specifically, we held that "Miss. Code Ann. §11-46-17 1998) allows for the purchase of insurance by a sovereign which then covers claims in excess of the amounts set by Miss. Code Ann. § 11-46-15 (Supp. 1998) to the extent of the policy. This provision does not limit the exclusions or exemptions enumerated in § 11-46-9." L.W.,
754 So.2d at 1144-45.
¶ 9. This Court recently reiterated its L.W. holding in Leslie v.City of Biloxi, 758 So.2d 430 (Miss. 2000). In Leslie, the Court held that the City of Biloxi was immune from suit under Miss. Code Ann. § 11-46-9 l) and that the fact that the City had insurance to cover the incident did not waive such immunity. The Court, citing L.W., stated, "[t]he existence of liability insurance is of no consequence to this action." Leslie, 758 So.2d at 434.
¶ 10. We again reason that the purchase of insurance will not affect potential defenses under the statute, "otherwise, sovereigns would be unlikely to continue to purchase insurance if it had the effect of waiving all of their defenses under the MTCA-an undesirable and unintended result in this Court's view."L.W., 754 So.2d at 1144.
¶ 11. For these reasons, we hold that Jackson County has not waived the protections from liability claims which is afforded by the exemptions of Miss. Code Ann. § 11-46-9. The circuit court was correct in granting Jackson County's motion to dismiss pursuant to the statutory exemption.
 2. WHETHER MISS. CODE ANN. § 11-46-9 l ) BARS MAXWELL'S CLAIM AGAINST JACKSON COUNTY.
¶ 12. Maxwell claims that at the time of the accident she was an employee of the State of Mississippi working under its exclusive supervision and control and not an employee of Jackson County. In essence, Maxwell argues that the application of Miss. Code Ann. § 11-46-9 l) is limited only to the governmental entity that employs the injured employee.
¶ 13. Maxwell suggests that a literal reading of Miss. Code Ann. § 11-46-9 l) indicates that only the governmental entity furnishing the workers' compensation benefits is immune from suit. Since Jackson County neither furnished Maxwell with workers' compensation benefits, nor employed Maxwell at the time of the accident, Maxwell asserts that "a governmental entity" referred to in the first paragraph of the statute is that governmental entity which furnishes workers' compensation benefits and not "any" governmental entity. Maxwell asserts that the exemption from waiver of sovereign immunity applies only to the governmental entity which furnishes the worker's compensation benefits; therefore, Jackson County would have no protection under the statute.
¶ 14. This conclusion is contrary to a plain reading of the statute and this Court's recent holding in Leslie. Miss. Code Ann. § 11-46-9 l) provides:
 (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
 (l) of any claimant who is an employee of a governmental entity and whose injury is covered by the Worker's Compensation Law of this state by benefits furnished by the governmental entity by which he is employed.
The plain language of the statute states that the governmental entity will not be liable to any claimant who is an employee *Page 904 
of a governmental entity. Nothing in the statute suggests, as Maxwell argues, that the exemption applies only to the entity that provides the worker's compensation benefits.
¶ 15. In Leslie, Leslie, a Harrison County Deputy Sheriff, filed suit against the City of Biloxi and Campbell, an employee of the Biloxi Police Department, for injuries sustained by Leslie in an accident with Campbell. Both Leslie and Campbell were acting within the scope of their employment at the time of the accident. Leslie received worker's compensation benefits from Harrison County. This Court affirmed the circuit court's grant of summary judgment to Biloxi and Campbell, stating that the claim was barred under Miss. Code Ann. § 11-46-9 l). 758 So.2d at 434. Maxwell's argument that the statute is limited only to the governmental entity that employs the injured employee is similar to the dissent in Leslie. This argument was duly rejected by the Court at that time and is likewise rejected in the case at hand.
¶ 16. The holdings of L.W. and Leslie are clearly applicable in this case. For these reasons, Miss. Code Ann. § 11-46-9 l) bars Maxwell's claim, and the judgment of the circuit court is affirmed.
¶ 17. AFFIRMED.
PRATHER, C.J., PITTMAN, P.J., MILLS, WALLER AND COBB, JJ.,CONCUR. BANKS, P.J., CONCURS IN RESULT ONLY. McRAE, J.,DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J.