Serial: **115499**

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 2003-CA-01663-SCT**

*GEORGE POWELL, PERSONAL*                 *Appellant*
*REPRESENTATIVE OF THE ESTATE OF*
*LORENZO POWELL*

*v.*

*CLAY COUNTY BOARD OF*                      *Appellees*
*SUPERVISORS; LADDIE HUFFMAN IN*
*HIS OFFICIAL CAPACITY AS SHERIFF*
*OF CLAY COUNTY, MISSISSIPPI; AND*
*CARL PIERCE*

### ORDER

¶1.    This matter is before the Court sitting en banc on the Court's own motion to dismiss appeal, and

the Court finds as follows:

1.    George Powell, Personal Representative of the Estate of Lorenzo Powell, filed a wrongful death action against the Clay County Board of Supervisors (Clay County), Laddie Huffman, in his official capacity as Sheriff of Clay County, Carl Pierce and the Mississippi Department of Corrections (MDOC) on January 8, 1998.[1]

2.    Clay County, the Sheriff and Pierce filed a motion for summary judgment on March 13, 2001. The MDOC filed a motion for summary judgment on July 5, 2001.

3.    On September 20, 2001, Circuit Court Judge John M. Montgomery executed an order to grant summary judgment as to the MDOC. In a separate order also signed on September 20, 2001, Judge Montgomery granted summary judgment as to Clay County, the Sheriff and Pierce. The orders were filed on September 24 and September 25, 2001, respectively.

---

[1] Lorenzo Powell was at the time of his death a State inmate. He worked on the garbage truck that was driven by Pierce, a county employee, when he fell off the garbage truck resulting in his death. Lorenzo Powell suffered fatal injuries on November 11, 1996.

4. On October 10, 2001, Judge Montgomery executed a judgment of dismissal with prejudice as to the MDOC based on having previously sustained the motion for summary judgment. The order was filed on October 17, 2001.

5. Powell filed his notice of appeal on October 19, 2001, appealing the grant of summary judgment to Clay County, the Sheriff, Pierce and the MDOC, as well as the judgment of dismissal as to MDOC.

6. On March 25, 2002, Powell filed a motion for rehearing in the circuit court. Powell also sought to present additional evidence not previously available germane to the question of liability.

7. The MDOC was released from any further proceedings via an agreed order between the parties.

8. On September 6, 2002, Judge Montgomery executed an order granting Powell's motion to reconsider. The circuit court found that M.R.C.P. 60 (b) allowed the court to reconsider its decision. The court directed the parties to refile their briefs and Powell was allowed to use the county's insurance policy which was newly discovered to have never been made part of the record and not before the court during its deliberation. The order was filed on September 9, 2002.

9. On December 12, 2002, this Court by Chief Justice Edwin L. Pittman executed an order finding that Powell's appeal should be dismissed as no final appealable judgment existed in this matter. The Court stated that the trial court had, subsequent to the filing of the notice of appeal with this Court, reconsidered its prior ruling and set aside the summary judgment for the Clay County defendants.

10. Clay County sought to reinstate Powell's appeal to this Court. The Court refused the request to reinstate the appeal and vacate the trial court's reconsideration of its summary judgment. On April 2, 2003, this Court by now Chief Justice James W. Smith, Jr., denied the request to reinstate the appeal dismissed by this Court on December 12, 2002.

11. Due to Judge Montgomery's retirement from the bench, James Kitchens, Jr., took his place as circuit court judge. On July 15, 2003, Judge Kitchens ordered that Judge Montgomery's reconsideration order be dismissed and Judge Montgomery's original order of summary judgment be reinstated. Judge Kitchens's order found that Judge Montgomery did not have jurisdiction to reconsider the original order for summary judgment once the notice of appeal had been filed. Judge Kitchens's order does not reference M.R.C.P. 60 (b) which infers concurrent limited jurisdiction nor this Court's order dated December 12, 2002, dismissing the appeal based on Judge Montgomery's reconsideration. Powell appeals this decision to this Court.

¶2. THEREFORE, PREMISES CONSIDERED, the Court finds that the circuit court erred in dismissing the order granting reconsideration and reinstating the original order of summary judgment. The case should be reversed and remanded to the circuit court for further proceedings.

¶3.      IT IS, THEREFORE, ORDERED that Judge Kitchens's order is reversed and the case is hereby

remanded to the circuit court for further proceedings consistent with this order.

¶4.      SO ORDERED, this the 23rd day of September, 2004.


                                              /s/ Chuck Easley
                                              CHUCK EASLEY, JUSTICE
                                              FOR THE COURT


DIAZ, J., NOT PARTICIPATING