# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-00018-SCT

*GEORGE POWELL, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
LORENZO POWELL*

*v.*

*CLAY COUNTY BOARD OF SUPERVISORS,
LADDIE HUFFMAN, IN HIS OFFICIAL CAPACITY
AS SHERIFF OF CLAY COUNTY, MISSISSIPPI,
AND CARL PIERCE*


| | |
|---|---|
| DATE OF JUDGMENT: | 12/9/2004 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANGELA TURNER LAIRY |
| | BENNIE L. TURNER |
| ATTORNEYS FOR APPELLEES: | BENJAMIN E. GRIFFITH |
| | CHRIS POWELL |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 03/16/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE COBB, P.J., EASLEY AND RANDOLPH, JJ.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Lorenzo Powell, a state inmate, died after falling off the back of a garbage truck owned by Clay County.  Subsequently, his father, George Powell, filed a wrongful death suit alleging that Carl Pierce, a Clay County employee, was negligent in his operation of the garbage truck. Named as defendants were the Clay County Board of Supervisors; Sheriff Laddie Huffman, in his official capacity; the Mississippi Department of Corrections (MDOC); and Pierce

(sometimes collectively Clay County). Powell's Estate is now before this Court for the third time, seeking relief from an adverse ruling in which the Clay County Circuit Court granted summary judgment in favor of Clay County, after finding the Estate's claim was barred by the Mississippi Tort Claims Act (MTCA).

## FACTS AND PROCEDURAL HISTORY

¶2. On November 11, 1996, while an inmate in the Clay County Jail, Lorenzo Powell volunteered to help with the garbage collection detail. As he was riding on the back of a county garbage collection truck, it crossed some railroad tracks, and Powell was propelled to his death. In the suit filed on behalf of Powell's estate[1] and wrongful death beneficiaries, the complaint alleged Pierce was negligent in driving the garbage truck and that the remaining defendants were liable under the doctrine of respondeat superior or enterprise liability because Pierce was a county employee.

¶3. This case has been before this Court twice before, and a short summary of its history is provided here, not only to explain the lengthy passage of time since Powell's death and commencement of the wrongful death action but also to explain the procedural posture of the present appeal.[2] On September 20, 2001, the circuit court granted summary judgment in favor of Clay County, the sheriff, MDOC and Pierce, and subsequently, the court dismissed MDOC

---

[1] Throughout this opinion, to eliminate confusion, actions taken by Powell's father, George Powell, who is identified in the Complaint as the "personal representative of Powell's estate, . . . and the wrongful death beneficiaries" are referred to as "Powell's Estate" or "the Estate".

[2] *See **Powell v. Clay County Bd. of Supervisors,*** 883 So. 2d 562 (Miss. 2004), for more complete details.

with prejudice following an agreement by the parties. On October 19, 2001, Powell's Estate filed a notice of appeal as to the dismissal and the summary judgment, but on March 25, 2002, filed a motion for rehearing in the circuit court, seeking to present additional evidence not previously available. The circuit court granted the rehearing and set aside the summary judgment after finding that M.R.C.P. 60(b) allowed the reconsideration. The parties were directed to re-file their briefs, and the Estate be allowed to pursue the issue of Clay County's liability insurance policy.

¶4. On December 12, 2002, this Court dismissed the first appeal, stating that no appealable order existed at that time. Subsequently Clay County sought to reinstate the Estate's appeal, but was denied by Order of this Court on April 4, 2003. Due to the retirement of the circuit judge, his replacement was assigned to handle this case, and on July 15, 2003, he reinstated the original order of summary judgment. Once again, Powell's Estate appealed to this Court, and on September 23, 2004, this Court remanded to the circuit court for further proceedings.

¶5. On remand, the Estate alleged the MTCA did not immunize Clay County, because immunity was waived as a result of a provision in its liability insurance contract with Coregis Insurance Company (Coregis). The defendants again filed a Motion for Summary Judgment, and following a hearing before the new circuit judge on October 14, 2004, the circuit court again entered summary judgment, finding the County, the Sheriff and Pierce immune from suit under the MTCA. The Estate is once again before this Court on appeal, raising two issues: (1) whether the Clay County Defendants are bound by the unambiguous language in the County's

liability insurance policy; and (2) whether Pierce's liability is an issue for the jury. Finding no error, this Court affirms the trial court's grant of summary judgment.

## ANALYSIS

### I. IMMUNITY

¶6. This Court reviews errors of law, which include the proper application of the MTCA, de novo. *Maldonado v. Kelly,* 768 So. 2d 906, 908 (Miss. 2000). Further, this Court reviews the grant of a summary judgment de novo. *Mississippi Farm Bureau Mut. Ins. Co. v. Walters,* 908 So. 2d 765, 768 (Miss. 2005).

¶7. The MTCA provides that "[a] governmental entity or its employees acting within the course and scope of their employment, shall not be liable for any claims:

> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution when the claim is filed . . . ."

Miss. Code Ann. § 11-46-9(1)(m). In *Wallace v. Town of Raleigh,* 815 So. 2d 1203, 1206 (Miss. 2002), an inmate of the Mississippi Department of Corrections, brought suit against the Town of Raleigh for injuries he sustained while a passenger on a garbage truck in a work release program. The garbage truck was struck on the passenger's side by another vehicle, leaving Wallace injured. *Id.* at 1205. This Court held Wallace's claim was barred by the express language of Miss. Code Ann. Section 11-46-9(1)(m). Notwithstanding this precedent, Powell's Estate argues the County waived governmental immunity by a provision in the insurance contract with Coregis.

4

¶8. This Court has held that the purchase of insurance does not operate as a waiver of sovereign immunity, nor does it hinder any exclusions or exemptions from liability. *McGrath v. City of Gautier,* 794 So. 2d 983, 987 (Miss. 2001). *See also Leslie v. City of Biloxi,* 758 So. 2d 430, 434 (Miss. 2004) (finding City immune from suit under Miss. Code Ann. Section 11-46-9(1)(l) and that City had liability insurance to cover the incident was of no consequence); *Maxwell v. Jackson County*, 768 So. 2d 900, 902 (Miss. 2000) (holding the county "has not waived the protections from liability claims . . . afforded by the exemptions of Miss. Code Ann. Section 11-46-9 "); *L.W. v. McComb Municipal Sch. Dist.,* 754 So. 2d 1136, 1144 (Miss. 1999) (reasoning that "the purchase of insurance does not affect potential defenses under Miss. Code Ann. Section 11-46-9. Otherwise, sovereigns would be unlikely to continue to purchase insurance if it had the effect of waiving all of their defenses under the MTCA - an undesirable and unintended result in this Court's view.")

¶9. The provisions of MTCA Section 11-46-9(1)(m) are controlling in the present case. Powell's claim or cause of action is barred by the plain language of this section. The trial court did not err when it so found.

## II. MALICE

¶10. The standard of review on the grant of a summary judgment is de novo. *Walters,* 908 So. 2d at 768. In addition, the facts are viewed in a light most favorable to the nonmoving party. *Rankin v. Clements Cadillac, Inc.,* 903 So. 2d 749, 751 (Miss. 2005). Powell's Estate argues that the grant of summary judgment should be reversed because the issue of Pierce's liability was incorrectly resolved on summary judgment. Specifically, the Estate asserts there is enough

evidence in the record to show that Pierce acted with malice, and therefore acted outside the scope of employment, eliminating any immunity he would have had under the MTCA. The Estate, however, fails to point to any place in the record where there is either an explicit or implicit allegation of malice, and a careful review of the record by this Court reveals none.

¶11. This argument is barred because only negligence, not malice, was pled in the complaint, and no amendment was made. It is well-settled law in Mississippi that plaintiffs are bound by what is alleged in the complaint, absent a subsequent amendment or modification. *See Ray v. State,* 503 So. 2d 222, 226 (Miss. 1986); *Minor v. Engineering Service Co., Inc.,* 304 So. 2d 45, 48 (Miss. 1974). The Estate's M.R.C.P. 60 motion was based on the insurance policy, not Pierce's liability. The issue of malice was not specifically raised, and thus was not before the circuit court.

¶12. If Powell's Estate sought to use malice as a way to pierce the government's immunity, it should have done so in the complaint, an amendment or modification to the complaint, or properly in a Rule 60 motion. Accordingly, for failure to properly raise the issue below, this Court is relieved of the duty to consider it. *Branch v. State,* 882 So. 2d 36, 79 (Miss. 2004). The circuit court properly granted the motion for summary judgment in favor of the Clay County defendants.

## CONCLUSION

¶13. We affirm the trial court on all issues.

¶14. **AFFIRMED.**

6

SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.