# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-CA-00788-SCT

*CODY PATTERSON AND COREY PATTERSON,*
*INDIVIDUALLY AND ON BEHALF OF THE*
*WRONGFUL DEATH BENEFICIARIES OF*
*JOHNNY PATTERSON*

*v.*

*STATE OF MISSISSIPPI, EX REL. ATTORNEY*
*GENERAL LYNN FITCH AND MISSISSIPPI*
*DEPARTMENT OF TRANSPORTATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/12/2024 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| TRIAL COURT ATTORNEYS: | GARY L. CARNATHAN |
| | MARGARET SAMS GRATZ |
| | THOMAS ORVILLE COOLEY |
| | CHRIS H. DEATON |
| | LINDSAY THOMAS DOWDLE |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | THOMAS ORVILLE COOLEY |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LINDSAY THOMAS DOWDLE |
| | JUSTIN L. MATHENY |
| | CHRIS H. DEATON |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 09/11/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., ISHEE AND SULLIVAN, JJ.**

**SULLIVAN, JUSTICE, FOR THE COURT:**

¶1.     Johnny Patterson was struck and killed by a vehicle while acting within the course and

scope of his employment as a school resource officer. Allegedly, the accident was the result,

in part, of an inoperable warning sign on a roadway maintained by the Mississippi

Department of Transportation (MDOT). In response, Patterson's two adult sons, Cody and Corey Patterson, filed an action against the MDOT for the negligent, wrongful death of their father. MDOT moved for summary judgment, seeking immunity under the Mississippi Tort Claims Act (MTCA). MDOT claimed that as a state-government entity, it was immune from suit because Patterson's employer, Lee County School District, had paid workers' compensation benefits and was another state-government entity. The sons disagreed. They argued also that, if MDOT was immune, then Mississippi Code Section 11-46-9(1)(*l*) (Rev. 2019) violated the state and federal constitutions.

¶2.     The trial court granted MDOT's motion for summary judgment and denied the sons' motion challenging the constitutionality of Section 11-46-9(1)(*l*). On appeal, the sons argue that (1) Section 11-46-9(1)(*l*) is inapplicable, and (2) if MDOT is immune, Section 11-46-9(1)(*l*) is unconstitutional.

¶3.     We find that the requirements for immunity under Section 11-46-9(1)(*l*) were satisfied, meaning the trial court correctly determined that MDOT was entitled to immunity. We find also that the statute passes constitutional muster. Thus, we affirm the trial court's orders.

## FACTS

¶4.     On January 13, 2022, Patterson, a school resource officer for the Lee County School District, was directing traffic on Highway 45. In addition to the normal posted speed limit of sixty-five miles per hour, the northbound portion of Highway 45 displayed a school zone sign equipped with lights to warn motorists to decrease speed to forty-five miles per hour

2

when the lights were flashing. As the school was dismissing for the day, a motorist, who was driving northbound and over the posted speed limit, collided with the back of Patterson's car, which had been parked in the roadway to help direct traffic. The collision resulted in Patterson's being struck by his vehicle and severely injured. Patterson was taken to a hospital, where he died a few days later.

¶5.     Patterson was survived by his wife and two sons. His wife received workers' compensation benefits through Patterson's employer, Lee County School District. But his two adult sons did not receive any workers' compensation benefits.

¶6.     On January 11, 2023, Patterson's sons filed a negligence claim against MDOT, alleging that it had failed to maintain, inspect, and repair the traffic signal and that it had failed to warn of a dangerous condition.[1] Specifically, the sons claimed that the traffic light had failed to flash and to warn motorists of the upcoming speed and school zone. The sons sought damages for their own pain and suffering, emotional and mental distress, and loss of society and companionship.

¶7.     On March 6, 2023, MDOT filed a motion for summary judgment, asserting immunity under Section 11-46-9(1)(*l*).[2] MDOT alleged that Section 11-46-9(1)(*l*) provides immunity

---

[1]The sons also asserted claims against (1) Lee County, Mississippi, (2) the Mississippi Department of Public Safety (MDPS), and (3) John Does 1-10. On February 1, 2023, the sons voluntarily dismissed their claims against MDPS without prejudice. On June 5, 2023, the parties entered into an agreed order to dismiss Lee County from the case without prejudice.

[2]MDOT asserted also that the trial court should grant its motion for summary judgment based on the exclusive-remedy provision of Mississippi's Workers' Compensation Law. *See* Miss. Code Ann. § 71-3-9 (Rev. 2021).

to all state government entities (MDOT) if the employee of any state governmental entity (Patterson) is injured in the course and scope of his employment and the state governmental entity for which the injured employee worked at the time of injury (Lee County School District) provides worker's compensation benefits for the injury.

MDOT argued that Section 11-46-9(1)(*l*) applies to claims brought by the wrongful-death beneficiaries of a governmental employee based on this Court's analysis of a similar MTCA immunity provision, Mississippi Code Section 11-46-9(1)(m) (Rev. 2019). MDOT asserted that "[i]f the 'plain language' of 11-46-9(1)(m) bars the claims of the wrongful death beneficiaries of an 'inmate,' then so [too] does the plain language of 11-46-9(1)(*l*) bar the claims of the wrongful death beneficiaries of an 'employee.'"

¶8. The sons disagreed with MDOT's statutory interpretation, asserting that "the statutory immunity asserted does not apply to the injured employee's wrongful death beneficiaries" as "[n]othing in the plain wording of the statute suggests, as MDOT argues, that the exemption applies to anyone other than the injured employee." They explained that "[u]nder the plain and unambiguous wording of the statute, the 'claimant' would be [the sons], and here, neither son is an 'employee' of a governmental entity."

¶9. The sons argued also that granting MDOT's motion on the basis of immunity would violate their "rights as afforded to them under the Mississippi Constitution and the United States Constitution." They claimed that

> [T]he application of Section 11-46-9(1)(*l*) advanced by MDOT precludes [the sons] from any remedy under the law, and it does not afford them the same rights they would have if their father had worked in the private sector or if their father's death was linked to a private entity's negligence.

4

In addition to violating the Mississippi Constitution, the sons argued, MDOT's application of Section 11-46-9(1)(*l*) would violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as it creates "arbitrary distinctions and unequal treatment."

¶10.    On August 17, 2023, the Attorney General of Mississippi filed an unopposed motion for leave to intervene as a nonaligned party to address the constitutionality of Section 11-46-9(1)(*l*). The motion was granted on August 22, 2023. The attorney general asserted that the sons cannot show beyond a reasonable doubt that the statute is unconstitutional. It argued that (1) no evidence demonstrated that the statute violated the remedies provision of the Mississippi Constitution, (2) no due-process violation occurred because there is no property interest to sue the State, and (3) no equal-protection violation occurred because the statute is rationally related to a proper legislative purpose.

¶11.    The trial court held two separate hearings to address each argument.[3] On June 12, 2024, the trial court entered two separate orders granting MDOT's motion for summary judgment and denying the sons' constitutional challenge.

¶12.    In its order granting summary judgment, the trial court, relying on this Court's interpretation and application of a similar MTCA provision,[4] determined that "[f]or purposes

---

[3] The trial court held a hearing to address the sons' constitutional challenge on April 3, 2024. The trial court held a second hearing to address MDOT's motion for summary judgment on May 29, 2024.

[4] *See* § 11-46-9(1)(m).

5

of immunity, all arms of the State are a single unit: the State."[5] Specifically, the trial court

stated:

> [Cody] and [Corey] stand in the position of [Johnny Patterson]. Therefore, [Cody] and [Corey] are only entitled to the remedy afforded to [Johnny Patterson] if he had survived. Since § 11-46-9(1)[(*l*)] provides him no remedy, so it also prevents a suit by his heirs. [Cody] and [Corey] are unable to bring a wrongful death suit on behalf of a [governmental employee] who died [whose injury was covered by workers' compensation].

¶13. In its second order, the trial court upheld the constitutionality of Section 11-46-9(1)(*l*), stating that the sons did not identify any "binding case[s] where our courts have held the immunity provisions of the MTCA to violate the remedies, equal protection, or due process clauses." It explained that there was no due-process or equal-protection violation because the sons were not deprived of a protected property interest as they had no right to sue the State.

¶14. On July 9, 2024, the sons filed a notice of appeal, challenging both orders. On appeal, the sons argue that (1) the trial court erred by granting MDOT's motion for summary

---

[5]The trial court recognized that this Court has not interpreted the scope and applicability of Section 11-46-9(1)(*l*), explaining that

> MDOT concedes a strict reading of the statute supports Plaintiffs' position. Were it writing on a blank slate, this [c]ourt would be inclined to agree. However, while the Mississippi Supreme Court has yet to address this precise issue, its interpretation of a near-identical provision is analogous and binding on this [c]ourt.
>
> . . . .
>
> While [*Carter v. Mississippi Department of Corrections*, 860 So. 2d 1187 (Miss. 2003),] and [*Powell v. Clay County Board of Supervisors*, 924 So. 2d 523 (Miss. 2006),] may not be strictly on all fours with today's case, they are instructive regarding the application, *vel non*, of sovereign immunity to the facts at bar.

6

judgment on the basis that MDOT was immune under Section 11-46-9(1)(*l*), and (2) the trial court did not properly analyze the constitutionality of Section 11-46-9(1)(*l*).[6]

¶15. MDOT asserts that the trial court did not commit reversible error as the sons' claims are barred by the MTCA and Section 11-46-9(1)(*l*) does not violate the remedy clause of the Mississippi Constitution or the Equal Protection Clause of the United States Constitution.

¶16. As a third-party appellee, the attorney general asserts that the trial court correctly determined that Section 11-46-9(1)(*l*) is constitutional. It asserts also that this Court needs to address the constitutional issue only if it determines that Section 11-46-9(1)(*l*) grants immunity to MDOT. Each side agrees that the constitutional challenge is moot if the trial court erred by giving MDOT immunity.

## DISCUSSION

### A) Did the trial court err by granting MDOT's motion for summary judgment based on immunity?

¶17. "This Court employs a de novo standard of review for questions of law, jurisdictional questions and issues of statutory interpretation." ***Greenville Pub. Sch. Dist. v. Thomas***, 352 So. 3d 190, 192 (Miss. 2022) (citing ***Aladdin Constr. Co. v. John Hancock Life Ins. Co.***, 914 So. 2d 169, 174 (Miss. 2005)). Additionally, "'immunity is a question of law[,]' and this

---

[6]The trial court's order included a footnote that addressed the applicability of Mississippi's workers' compensation exclusive remedy. Despite recognizing that the trial court's order was based on Section 11-46-9(1)(*l*)'s immunity, the sons still addressed the exclusive remedy on appeal "out of an abundance of caution since it was referenced by the trial court in a footnote." MDOT argues that this issue is not ripe for appellate review since the exclusive-remedy provision was not the basis for the trial court's grant of summary judgment. We agree and find that the applicability of the exclusive- remedy provision within our workers' compensation law is not ripe for review.

Court conducts a de novo review of the application of the MTCA." *City of Jackson v. Harris*, 44 So. 3d 927, 931 (Miss. 2010) (alteration in original) (quoting *Miss. Dep't of Pub. Safety v. Durn*, 861 So. 2d 990, 994 (Miss. 2003)).

¶18.    Section 11-46-9(1)(*l*) states

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

. . . .

(*l*) Of any claimant who is an employee of a governmental entity and whose injury is covered by the Workers' Compensation Law of this state by benefits furnished by the governmental entity by which he is employed[.]

Miss. Code Ann. § 11-46-9(1)(*l*) (Rev. 2019).

¶19.    It is MDOT's position that the statute:

applies to all state government entities (such as MDOT) if the employee (Patterson) of any state governmental entity (Lee County) is injured in the course and scope of his employment and the state governmental entity for which the injured employee worked at the time of the injury provides worker's compensation benefits for the injury.

The sons disagree, claiming that "[n]othing in the plain wording of Section 11-46-9(1)(*l*) suggests, as MDOT argues, that the exemption applies to anyone other than the injured 'employee.'" They contend that "[t]he plain meaning of Section 11-46-9(1)(*l*) only concerns a claim brought by a governmental employee, not those asserted by wrongful death beneficiaries that are not governmental employees." According to the sons, since they are the "'claimant[s]' and neither are governmental employees that received workers' compensation benefits" from their father's employer, Section 11-46-9(1)(*l*) does not bar their claims.

8

¶20.    This Court has recognized that Mississippi's wrongful-death statute "opens with the following mandate":

> Whenever the death of any person . . . shall be caused by any real, wrongful or negligent act or omission, . . . as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, . . . the person . . . that would have been liable if death had not ensued, . . . shall be liable for damages . . . .

*Cleveland v. Mann*, 942 So. 2d 108, 118 (Miss. 2006) (quoting Miss. Code Ann. § 11-7-13 (Rev. 2019)). "Based on the clear language of the statute, a wrongful death beneficiary is only allowed to bring claims that the decedent could have brought if the decedent had survived." *Id.* Simply, in order to bring a claim against MDOT, the sons must "stand in the position of their decedent[,]" which is Patterson. *Webb v. DeSoto Cnty.*, 843 So. 2d 682, 684 (Miss. 2003); *see also Lee v. Thompson*, 859 So. 2d 981, 987 (Miss. 2003) ("A wrongful death action is a derivative action brought by the beneficiaries who are subject to all of the defenses that would have been available against the decedent." (citing *Choctaw, Inc. v. Wichner*, 521 So. 2d 878, 882 (Miss. 1988))).

¶21.    We have held that Section 11-46-9(1)(*l*) states plainly "that the governmental entity will not be liable to *any* claimant who is an employee of *a* governmental entity." *Maxwell v. Jackson*, 768 So. 2d 900, 903-04 (Miss. 2000). Because Patterson, an employee of a

governmental entity,[7] would not have been able to bring a claim against MDOT, his sons

cannot stand in his position to do so.

¶22.    Additionally, the elements for granting immunity under Section 11-46-9(1)(*l*) were

satisfied as (1) MDOT is a government entity, (2) Patterson was an injured employee of a

government entity, and (3) Patterson received workers' compensation benefits from his

governmental employer. *See **Leslie v. City of Biloxi***, 758 So. 2d 430 (Miss. 2000); ***Maxwell***,

768 So. 2d 900. Therefore, we find that the trial court correctly awarded MDOT immunity

and that the sons' claims were barred.

### B)    Is Section 11-46-9(1)(*l*) constitutional?

¶23.    This Court has stated

> When addressing a statute's constitutionality, we apply a *de novo* standard of
> review, bearing in mind (1) the strong presumption of constitutionality; (2) the
> challenging party's burden to prove the statute is unconstitutional beyond a
> reasonable doubt; and (3) all doubts are resolved in favor of a statute's
> validity. When interpreting a constitutional provision, we must enforce its
> plain language.

***Johnson v. Sysco Food Servs.***, 86 So. 3d 242, 243-44 (Miss. 2012) (footnotes omitted)

(citations omitted); *see also **James v. State***, 731 So. 2d 1135, 1136 (Miss. 1999) ("Statutes

are clothed with a heavy presumption of constitutional validity, and the burden in on the

---

[7]Mississippi Code Section 11-46-1 defines what constitutes a governmental entity, which is "the state and political subdivisions." Miss. Code Ann. § 11-46-1(g) (Rev. 2019). Patterson was employed by the Lee County School District, which is a political subdivision. *See* Miss. Code Ann. § 11-46-1(i) (Rev. 2019) ("'Political subdivision' means any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including . . . school district . . . ."). Being an employee of a government entity is the same as being either an employee of a political subdivision or of the state. *See* Miss. Code Ann. § 11-46-1(f) (Rev. 2019).

party challenging the constitutionality of the statute to carry his case beyond a reasonable doubt before this Court has authority to hold the statute, in whole or in part, of no force or effect." (citing *State v. Miss. Ass'n of Supervisors, Inc.*, 699 So. 2d 1221, 1223 (Miss. 1997))). "The statutes must be shown to be in direct conflict with 'the clear language of the constitution.'" *Clark v. Bryant*, 253 So. 3d 297, 300 (Miss. 2018) (internal quotation marks omitted) (quoting *5K Farms, Inc. v. Miss. Dep't of Revenue*, 94 So. 3d 221, 227 (Miss. 2012)). Additionally, we have explained that

> "[T]he courts are without the right to substitute their judgment for that of the Legislature as to the wisdom and policy of the act and must enforce it, unless it appears *beyond all reasonable doubt* to violate the Constitution." *Pathfinder Coach Div. of Superior Coach Corp. v. Cottrell*, 216 Miss. 358, 62 So. 2d 383, 385 (1953) (emphasis added). "If possible, courts should construe statutes so as to render them constitutional rather than unconstitutional if the statute under attack does not clearly and apparently conflict with organic law after first resolving all doubts in favor of validity." *Loden v. Miss. Pub. Serv. Comm'n*, 279 So. 2d 636, 640 (Miss. 1973) (citations omitted). In other words, "to state that there is doubt regarding the constitutionality of an act is to essentially declare it constitutionally valid." *Moore v. Bd. of Supervisors of Hinds Cty.*, 658 So. 2d 883, 887 (Miss. 1995).

*Tunica Cnty. v. Town of Tunica*, 227 So. 3d 1007, 1015-16 (Miss. 2017) (alteration in original).

¶24. The sons argue that the trial court erred by ruling that the statute was constitutional. On appeal, they assert two arguments against the constitutionality of Section 11-46-9(1)(*l*). First, they claim that the statute violates article 3, section 24, of the Mississippi Constitution, *i.e.*, the remedy clause. In their opinion, the sons "would be left without a remedy for the inoperable sign that contributed to their father's death" if MDOT was given immunity pursuant to Section 11-46-9(1)(*l*). The sons assert that such a result would be a deprivation

11

of their "right to a 'remedy by due course of law'" because "the Mississippi Constitution blatantly says, [they] 'shall have a remedy.'

¶25. But this Court has held that "[i]t is well settled that the Mississippi Tort Claims Act is not violative of our state constitution, and is therefore not in conflict with Article 3, . . . [Section] 24 of the Mississippi Constitution." *City of Jackson v. Sutton*, 797 So. 2d 977, 980 (Miss. 2001). Specifically, we have held that "the remedy clause is not an absolute guarantee of a trial and that it is the legislature's decision whether or not to address restrictions upon actions against government entities." *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 203 (Miss. 1999) (internal quotation marks omitted) (quoting *Mohundro v. Alcorn Cnty.*, 675 So. 2d 848, 852 (Miss. 1996), *overruled on other grounds by* *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132 (Miss. 2013)). Thus, we find that Section 11-46-9(1)(*l*) does not violate article 3, section 24, of the Mississippi Constitution.

¶26. The sons' second constitutional argument is that Section 11-46-9(1)(*l*) violates the Fourteenth Amendment of the United States Constitution because it

> makes an impermissible arbitrary distinction, treating governmental employees that have received workers' compensation benefits differently than private citizens who have done the same. . . . [T]his one class of victims, who are governmental employees, cannot sue even though Section 71-3-71 allows all others to do so.

They contend that there is "no rational reason to justify the distinction" and that no evidence has shown

> that tort victims covered by workers' compensation insurance by a political subdivision are any different from other victims covered by any other insurance—workers' compensation or other private insurance. Moreover, there

is no indication that tort victims covered by workers' compensation seek or recover larger judgments than other victims, [or] . . . that they sue more often.

The sons' argument relies on persuasive case law from Minnesota.[8]

¶27. MDOT and the attorney general argue that the statute protects public funds, which is a rational and legitimate purpose for limiting the liability of governmental entities from claims asserted by certain injured government employees, *i.e.*, those that have received benefits from workers' compensation.

¶28. "Absent a suspect class or a fundamental right, a reviewing court will apply a less stringent standard of review, the 'rational relation' test." *Wells ex rel. Wells v. Panola Cnty. Bd. of Educ.*, 645 So. 2d 883, 893 (Miss. 1994) (quoting *Turrentine v. Brookhaven, Miss. Sch. Dist.*, 794 F. Supp. 620, 624 (S.D. Miss. 1992)). All parties agree that the rational basis test applies in this case, which "requires a government to show that the act or policy is a rational means of achieving a legitimate government interest." *Westbrook v. City of Jackson*, 665 So. 2d 833, 840 (Miss. 1995) (citing *Townsend v. Est. of Gilbert*, 616 So. 2d 333, 337 (Miss. 1993)). Additionally, "[t]he rational basis standard of review is highly deferential to the legislative branch." *Dillard v. Musgrove*, 838 So. 2d 261, 264 (Miss. 2003) (citing *Turner v. Glickman*, 207 F.3d 419, 426 (7th Cir. 2000)).

¶29. When giving the required deference to the legislative branch, Section 11-46-9(1)(*l*) appears to be a legislative attempt to protect public funds by limiting the liability of government entities in certain scenarios. *See Wells*, 645 So. 2d at 897 ("We have held that

---

[8] *Bernthal v. City of St. Paul*, 376 N.W.2d 422 (Minn. 1985); *McDonough v. City of St. Paul*, 380 N.W.2d 228 (Minn. Ct. App. 1986).

protecting the public treasury is a legitimate legislative purpose[.]"). Additionally, this Court

has recognized that

> "A state may confer benefits on some and not others under equal protection, 'so long as its decision is rational.'" ***Westbrook v. City of Jackson***, 665 So. 2d 833, 838 (Miss. 1995) (quoting ***Doe v. Gaughan***, 808 F.2d 871, 883 (1st Cir. 1986)). "In apportioning limited resources, governments 'need not provide the same level of benefits to all recipients.'" ***Id.*** (quoting ***Baker v. City of Concord***, 916 F.2d 744, 748 (1st Cir. 1990)).

***Mosby v. Moore***, 716 So. 2d 551, 555-56 (Miss. 1998). We also take note of these wise

words from the Supreme Court of Appeals of West Virginia:

> While we may not agree that the decision to prevent those victims of governmental tortfeasors who have access to workers' compensation benefits from recovering further damages in a civil suit is the best or fairest approach to take to resolve the problem, we cannot say that it does not bear a reasonable relationship to the purpose of the statute.

***O'Dell v. Town of Gauley Bridge***, 425 S.E.2d 551, 565 (W. Va. 1992); *see* ***Dillard***, 838 So.

2d at 265 ("In referring to the rational basis test, the Supreme Court stated: 'Where there are

"plausible reasons" for Congress' action, "our inquiry is at an end."'" (quoting ***FCC v. Beach

Commc'ns, Inc.***, 508 U.S. 307, 314, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993))). Therefore,

we find that Section 11-46-9(1)(*l*) satisfies the rational basis test.

### CONCLUSION

¶30. MDOT is entitled to immunity under Section 11-46-9(1)(*l*) as it is a government

entity, Patterson was injured during his work as an employee for another government entity,

and he had received workers' compensation benefits for those injuries. We affirm the trial

court's order granting MDOT's motion for summary judgment.

14

¶31. Additionally, the sons did not prove beyond a reasonable doubt that Section 11-46-9(1)(*l*) violated the remedy clause within Mississippi's Constitution or the Equal Protection Clause of the United States Constitution. Therefore, we find that the sons did not overcome the strong presumption of constitutional validity, and we affirm the trial court's order upholding the constitutionality of the statute.

¶32. **AFFIRMED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS AND BRANNING, JJ., CONCUR.**