792 So.2d 332 (2001)
Stevie OTT a/k/a Steven T. Ott, Appellant
v.
E.J. (`Bilbo') MITCHELL, Greg Malta, Lisa Howell, Chris Bishop, Marlon Knox and Kenya Irving, Appellees.
No. 2000-CP-01252-COA.
Court of Appeals of Mississippi.
August 14, 2001.
*333 Stevie Ott, Appellant pro se.
Office of the Attorney General by Peter W. Cleveland, for Appellees.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
THOMAS, J., for the court:
¶ 1. Stevie Ott appeals the Clarke County Circuit Court's decision granting a motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Mississippi Rules of Civil Procedure. Aggrieved, Ott assigns the following issue of error for review:
WHETHER THE CIRCUIT COURT'S ORDER DISMISSING HIS CIVIL COMPLAINT PURSUANT TO THE DEFENDANTS' RULE 12(B)1 AND 6 MOTION TO DISMISS, HELD HIM TO THE STANDARDS OF AN ATTORNEY, THUS DEPRIVING HIM OF ARTICLE 3, SECTIONS 14, 24 AND 25 OF THE MISSISSIPPI CONSTITUTION AND THOSE RELATED U.S. CONSTITUTIONAL GUARANTEES?
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On November 4, 1997, Stevie Ott was convicted by a jury of two counts of intimidating a witness. This conviction was appealed by Ott and was affirmed in Ott v. State, 742 So.2d 1197 (Miss.Ct.App. 1999).
¶ 4. On April 27, 2000, Ott filed the instant action claiming that his constitutional rights had been violated by the November, 1997 conviction. Named as defendants were E.J. "Bilbo" Mitchell, the district attorney, Greg Malta and Lisa Howell, the assistant district attorneys, Chris Bishop, a law enforcement officer with the Mississippi Bureau of Narcotics, Marlon Knox and Kenya Irving, two confidential informants. The defendants filed a Rule 12(b)(1) and (6) motion to dismiss pursuant to the Mississippi Rules of Civil Procedure. The circuit court granted the defendants' motion and dismissed the case. From the circuit court's ruling, Ott appeals to this Court.

*334 ANALYSIS
WHETHER THE CIRCUIT COURT'S ORDER DISMISSING HIS CIVIL COMPLAINT PURSUANT TO THE DEFENDANTS' RULE 12(B)1 AND 6 MOTION TO DISMISS, HELD HIM TO THE STANDARDS OF AN ATTORNEY, THUS DEPRIVING HIM OF ARTICLE 3, SECTIONS 14, 24 AND 25 OF THE MISSISSIPPI CONSTITUTION AND THOSE RELATED U.S. CONSTITUTIONAL GUARANTEES?
¶ 5. A motion for dismissal under Mississippi Rules Civil Procedure 12(b)(6) raises an issue of law. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990); Lester Engineering Co. v. Richland Water and Sewer Dist., 504 So.2d 1185, 1187 (Miss.1987). This Court conducts de novo review on questions of law. UHS-Qualicare, Inc. v. Gulf Coast Community Hosp., Inc., 525 So.2d 746, 754 (Miss.1987). When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that plaintiff will be unable to prove any set of facts in support of his claims. Over-street v. Merlos, 570 So.2d 1196, 1197 (Miss.1990); DeFoe v. Great Southern Nat'l Bank, 547 So.2d 786 (Miss.1989); Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula, Inc., 521 So.2d 857 (Miss. 1988).
¶ 6. Ott puts forth several arguments in his appeal; however, the United States Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) bars these issues. The appellee raises the issue that Ott's claim is time barred based on the statute of limitations contained in the Mississippi Tort Claims Act, but due to the disposition of this case it is irrelevant. Ott alleges that his United States constitutional rights have been violated. The circuit court properly addressed this claim under 42 U.S.C. § 1983 for malicious prosecution. The United States Supreme Court has held that an action challenging a conviction under § 1983 is most analogous to the common law action for malicious prosecution. Id. at 479, 114 S.Ct. 2364. In Heck, the Supreme Court recognized that to permit a convicted criminal defendant to pursue a § 1983 action would constitute an unwarranted collateral attack on an outstanding state criminal judgment, unless the conviction had been reversed or invalidated through a state appeal. Id. Specifically, the court in Heck held that:
in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
Id. at 487, 114 S.Ct. 2364.
¶ 7. Here, Ott's conviction has not been reversed through an appeal or otherwise expunged or invalidated. Pursuant to Heck, neither Ott nor anyone else can sue defendants for monetary relief under § 1983 based on the alleged unconstitutionality of the arrest and conviction unless the conviction obtained thereunder has been appealed and reversed, or otherwise expunged or invalidated. Ott has failed to do any of the above. In fact, Ott's conviction has been affirmed on direct appeal by *335 this Court, and there has been no collateral attack by Ott on his conviction. Therefore, Ott's claim is barred by the ruling in Heck v. Humphrey. Accordingly, we hold that the circuit court acted properly in dismissing Ott's suit for failure to state a claim upon which relief may be granted.
¶ 8. THE JUDGMENT OF THE CLARKE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., concur.