SUMMARY OF THE CASE ¶ 1. A jury sitting before the Rankin County Circuit Court found Quentin Bessent guilty of possession of cocaine with intent to distribute. The circuit court sentenced Bessent to twenty-five years in the custody of the Mississippi Department of Corrections. Bessent filed a direct appeal, but this Court affirmed the circuit court.
 ¶ 2. Having had no success with his direct appeal, Bessent switched tactics. Bessent filed a "Bill of Complaint" in the Hinds County Chancery Court and sued Eric Clark and 4,999 unnamed individuals. By his complaint, Bessent hinted at a conspiracy against all U.S. citizens. Bessent also hinted at allegations of trespass, "special assumpsit," breach of contract, and false imprisonment. Additionally, Bessent alleged that the various State officials infringed upon his constitutional rights in violation of 42 U.S.C. Section 1983. The chancery court ultimately dismissed Bessent's complaint pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. Bessent appeals and submits that the chancellor erred when he dismissed his claims. Finding a lack of jurisdiction, we dismiss Bessent's appeal.
 FACTS AND PROCEDURAL HISTORY ¶ 3. On May 24, 1999, Bessent was convicted of possession of cocaine with intent to distribute. Bessent filed a direct appeal to this Court, but we found no error and affirmed his conviction. Bessent v. State, 808 So.2d 979
(Miss.App. 2001). Bessent did not file a petition for a writ of certiorari with the Mississippi Supreme Court. He did, however, file an unsuccessful petition for a writ of certiorari with the Supreme Court of the United States.
 ¶ 4. On October 4, 2002, Bessent filed a pro se
complaint in the Hinds County Chancery Court. Bessent sued the Mississippi Secretary of State and 4,999 unidentified defendants. By way of his complaint, Bessent alleged causes of action for trespass, "special assumpsit," breach of contract, and false imprisonment.
 ¶ 5. On November 15, 2002, Bessent filed a document titled, "Notice to Amend, Notice of Claim." Bessent sought to amend his previous complaint to add thirty-three defendants — all of whom were either a federal or state official, including the U.S. Attorney General, the Clerk of the U.S. Supreme Court, U.S. Marshals, the Governor of Mississippi, the Governor of Florida, and the Mississippi Attorney General. The record contains no indication that Bessent served any named defendant with process.
 ¶ 6. On January 15, 2003, Bessent filed a document titled "Chapter VII. Judgment. Notice and Demand for Judgment by Default." Next, on February 10, 2005, Bessent filed a "Notice of Claim to Secretary of State." Nothing else appears in the record until March 30, 2005. At that time, Eric Clark, the Mississippi Secretary of State, filed a motion for leave to answer and/or otherwise respond to Bessent's complaint. The chancellor granted Clark's motion the very next day.
 ¶ 7. On April 29, 2005, Clark filed a motion to dismiss pursuant to M.R.C.P. 12(b)(6). On May 13, 2005, the chancellor granted Clark's motion to dismiss. Bessent filed a response to Clark's motion to dismiss on May 17, 2005, and again on May 26, 2005. Bessent appeals.
 ¶ 8. Before we address Bessent's issues on appeal, we must address another matter. By way of his complaint, Bessent *Page 931 
sought (a) freedom from incarceration and (b) damages of one million dollars from each of the five thousand defendants. It is also important to note that the named defendants were all officials and employees of either Mississippi, Florida, or the United States. To the extent that Bessent sought his freedom through a collateral attack on his conviction, his complaint must be viewed as an action under the Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-1 et seq. (Rev. 2000). To the extent that Bessent sought damages against state entities, officials, and employees, his complaint must be viewed as an action under the Mississippi Tort Claims Act. Miss. Code Ann. § 11-46-1 (Rev. 2002).
 ¶ 9. Keeping this in mind, it bears mentioning that the chancellor granted Bessent's motion to appeal in formapauperis. To the extent that Bessent's complaint sought post-conviction collateral relief, there is no error in that decision. "A final judgment entered under [the Post-Conviction Collateral Relief Act] may be reviewed by the supreme court of Mississippi on appeal brought . . . by the prisoner . . . on such terms and conditions as are provided for in criminal cases." Miss. Code Ann. § 99-39-25(1) (Rev. 2000). M.R.A.P. 6(a) provides for criminal appeals in forma pauperis: A defendant in a criminal case in a trial court who desires to proceed on appeal . . . in forma pauperis shall file in the trial court a motion for leave so to proceed, together with an affidavit showing the defendant's inability to pay fees and costs. If the motion is granted, the defendant may so proceed without further application to the Supreme Court and without prepayment of fees or costs in either court.
 ¶ 10. However, to the extent that Bessent's complaint sought relief under the Mississippi Tort Claims Act, there is a much different result. The record contains a transcript of the hearing by which the chancellor granted Bessent leave to proceed with his civil appeal in forma pauperis. During that hearing Bessent presented no authority that would grant him the right to proceed with a civil appeal in forma pauperis.
There is a simple explanation for his lack of authority; to the extent that Bessent sought damages against state entities and employees, there is none. As mentioned, Rule 6(a) of the Mississippi Rules of Appellate Procedure addresses in formapauperis appeals incident to criminal actions, but that rule does not provide for such appeals incident to civil actions.
 ¶ 11. Pursuant to Miss. Code Ann. § 47-5-76(1) (Rev. 2004), under limited circumstances, the Mississippi Department of Corrections must pay court costs for an inmate who brings a civil action against a department employee. However, that civil action must pertain to the inmate's condition of confinement. Id. Bessent's lawsuit did not pertain to a condition of his confinement. As such, Bessent was not eligible to proceed in forma pauperis by way of Section 47-5-76(1). What is more, Section 47-5-76 only applies at the trial level and not at the appellate level. Carsonv. Hargett, 689 So.2d 753, 755 (Miss. 1996). Pursuant to Miss. Code Ann. § 11-53-17, "A citizen may commence any civil action . . . in any court without being required to prepay fees or give security for costs before or after commencing suit by taking and subscribing" a statutorily proscribed affidavit. However, the supreme court has held that Section 11-53-17 "authorizes in forma pauperis proceeding in civil cases at the trial level only." Nelson v. Bank of Mississippi498 So.2d 365 (Miss. 1986). See also Slaydon v.Hansford, 830 So.2d 686, 689 (¶ 8) (Miss.Ct.App. 2002) ("The right to proceed in forma pauperis in civil *Page 932 
cases does not extend beyond the initial trial of the matter.")
 ¶ 12. Bessent never should have been allowed to appeal his claims under the Mississippi Tort Claims Act in formapauperis. The citizens of Hinds County are now unduly obligated to pay Bessent's court costs incident to his claim for damages.
 STANDARD OF REVIEW ¶ 13. A motion for dismissal under Mississippi Rules Civil Procedure 12(b)(6) raises an issue of law. Ott v.Mitchell, 792 So.2d 332, 334 (¶ 5) (Miss.Ct.App. 2001). This Court conducts de novo review on questions of law.Id. When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that plaintiff will be unable to prove any set of facts in support of his claims. Id.
 ANALYSIS I. DID THE CHANCELLOR ERR WHEN HE DISMISSED BESSENT'S COMPLAINT?
 ¶ 14. Bessent claims the chancellor erred when he dismissed his pro se complaint. As was his complaint, Bessent's brief is inartfully drafted. "[W]here a prisoner is proceeding pro se, we will take that into account and, in our discretion, credit not so well pleaded allegations so that a prisoner's meritorious complaint may not be lost because inartfully drafted." Ivy v. Merchant, 666 So.2d 445,449 (Miss. 1995). We have done our best to determine the nature of Bessent's claims. However, we are also mindful that "prose parties should be held to the same rules of procedure and substantive law as represented parties." Id.
 ¶ 15. As mentioned, in his complaint, Bessent alleged multiple causes of action, but he sought two basic remedies: (a) his freedom from incarceration and (b) damages. As such, Bessent's suit may be viewed in two separate lights. In some aspects, Bessent sought post-conviction collateral relief. In other aspects, Bessent sought damages against government entities and employees. Finally, there is a third aspect to Bessent's complaint, as he alleged a cause of action pursuant to42 U.S.C. Section 1983. We will address each of the three aspects of Bessent's complaint separately.
A. Post-Conviction Collateral Relief
 ¶ 16. Bessent filed a direct appeal of his criminal conviction. This Court affirmed. Bessent did not file a writ of certiorari with the Mississippi Supreme Court. Instead, Bessent filed an unsuccessful writ of certiorari with the United States Supreme Court.
 ¶ 17. Bessent then filed his complaint in the chancery court. Based on theories of some unnamed breached contract, Bessent sought the restoration of his freedom. To the extent that Bessent's complaint was a collateral attack on his criminal conviction, Bessent should have sought relief by way of the Mississippi Uniform Post-Conviction Collateral Relief Act. Pursuant to Miss. Code Ann. § 99-39-5 (Rev. 2006):
 (1) Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims:
 (a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
 . . . .
 (g) That . . . he is otherwise unlawfully held in custody; [or]
 . . . . *Page 933 
 (i) That the conviction or sentence is otherwise subject to collateral attack upon the grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy; may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.
 ¶ 18. Further, "Where the conviction and sentence have been affirmed on appeal . . ., the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, . . . and an order granted allowing the filing of such motion in the trial court." Miss. Code Ann. § 99-39-7 (Supp. 2006). Because this Court affirmed Bessent's conviction on direct appeal, Section 99-39-7 mandated that Bessent obtain permission from the supreme court to seek post-conviction relief from the trial court. E.g., Doss v.State, 757 So.2d 1016, 1017 (¶ 6) (Miss.Ct.App. 2000). "This procedure is not merely advisory, but jurisdictional."Id.
 ¶ 19. Bessent failed to obtain the requisite permission from the supreme court. As such, the chancery court lacked jurisdiction to entertain Bessent's collateral attacks and this Court lacks jurisdiction to entertain Bessent's appeal.Id. at (¶ 7). Accordingly, we dismiss Bessent's appeal for lack of jurisdiction.
 ¶ 20. It bears mentioning that Article 6, Section 162 of the Mississippi Constitution mandates that "All causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court." However, the supreme court, rather than the circuit court, has jurisdiction over a post-conviction petition when the supreme court last exercised jurisdiction in the case.See Evans v. State, 485 So.2d 276 (Miss. 1986). In any event, it is of no moment that the chancery court declined to transfer Bessent's petition to the proper court, as Bessent's petition would ultimately be dismissed for failure to obtain permission.
B. Mississippi Tort Claims Act
 ¶ 21. Besides his request for post-conviction collateral relief, Bessent also sought damages from multiple government officials and employees. Bessent should have filed his complaint under the Mississippi Tort Claims Act. Pursuant to Miss. Code Ann. § 11-46-9(1)(m) (Rev. 2002):
 (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: . . . [o]f any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed[.]
This statute provides immunity to government entities and employees from claims of incarcerated individuals. Whitt v.Gordon, 872 So.2d 71 (¶ 8) (Miss. 2004).
 ¶ 22. Bessent was incarcerated when he filed his complaint against numerous governmental entities and employees. Those governmental entities and employees are immune from Bessent's lawsuit. See Powell v. Clay County Bd. of Supervisors,924 So.2d 523, 526 (¶ 6) (Miss. 2006). As such, the chancellor was correct when he dismissed Bessent's complaint.
C. Bessent's Claim Pursuant to 42 U.S.C. § 1983.
 ¶ 23. By way of his complaint, Bessent alleged that Mississippi governmental *Page 934 
entities and employees deprived him of his constitutional rights and, as such, he brought a cause of action pursuant to42 U.S.C. Section 1983. State courts have concurrent jurisdiction over 42 U.S.C. Section 1983 claims, so we may address this portion of Bessent's complaint. Carter v. Miss. Dep't.of Corr., 860 So.2d 1187 (¶ 19) (Miss. 2003).
 ¶ 24. An action challenging a conviction under section 1983 is most analogous to the common law action for malicious prosecution. Heck v. Humphrey, 512 U.S. 477, 479,114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Supreme Court recognized that to permit a convicted criminal defendant to pursue a section 1983 action would constitute an unwarranted collateral attack on an outstanding state criminal judgment, unless the conviction had been reversed or invalidated through a state appeal. Id. Specifically, the court inHeck held that:
 in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
Id. at 487, 114 S.Ct. 2364.
 ¶ 25. Bessent's conviction has not been reversed, expunged, or otherwise invalidated. Accordingly, Bessent cannot sue the various named governmental officials based on the constitutionality of his arrest pursuant to section 1983.See Ott v. Mitchell, 792 So.2d 332, 334 (¶ 7) (Miss.Ct.App. 2001). As in Ott, this Court affirmed Bessent's conviction on direct appeal. As such, Bessent's claim is barred by Heck.
D. Sanction for Frivolous Appeal
 ¶ 26. The chancellor dismissed Bessent's lawsuit for failure to state a claim upon which relief may be granted. When an inmate files a lawsuit, while in the custody of the Mississippi Department of Corrections, and that lawsuit is subsequently dismissed as frivolous, malicious, or forfailure to state a claim upon which relief may be granted, that inmate faces a sanction. Miss. Code Ann. § 47-5-138 (Rev. 2004). To be precise, after one such lawsuit, "the department shall forfeit . . . [s]ixty (60) days of an inmate's accrued earned time." Miss. Code Ann. § 47-5-138(b)(i). The chancellor did not apply Section 47-5-138, but, the statute does not limit such a finding to a trial court. Instead, it mentions a final order of "a state court." Miss. Code Ann. § 47-5-138(3)(a).
 ¶ 27. The chancellor dismissed Bessent's complaint pursuant to M.R.C.P. 12(b)(6) for failure to state a claim upon which relief may be granted. After a de novo review, we affirm. Not only that, we find that, as with his action in the chancery court, Bessent's appeal is frivolous. There is a three-part test involved in determining whether a case broughtin forma pauperis should be dismissed as frivolous: (1) does the complaint have a realistic chance of success; (2) does it present an arguably sound basis in fact and law; and (3) can the complainant prove any set of facts that would warrant relief. Dock v. State, 802 So.2d 1051, 1056 (¶ 11) (Miss. 2001). Bessent's complaint never had a realistic chance of success, it failed to present an arguably sound basis in factor law, and Bessent could not *Page 935 
prove any set of facts that would warrant relief. "Sections47-5-138(3)(a) and (b) are fully applicable against pro se litigants who seek post-conviction relief." Id. By this opinion, the Mississippi Department of Corrections shall apply the provisions of Section 47-5-138(b)(i) regarding forfeiture of sixty days of Bessent's earned time release, if he has any.
 ¶ 28. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURTIS AFFIRMED. A CERTIFIED COPY OF THIS ORDER SHALL BE ISSUED TOTHE MISSISSIPPI DEPARTMENT OF CORRECTIONS FOR APPROPRIATESANCTIONS PURSUANT TO MISSISSIPPI CODE ANNOTATEDSECTION 47-5-138 (REV. 2004). ALL COSTS OF THIS APPEAL ARE ASSESSED TOHINDS COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.