# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00604-COA

**WALTER POOLE, JR.**                                                         APPELLANT

**v.**

**WILLIAM H. WALTON**                                                         APPELLEE

DATE OF JUDGMENT:               04/27/2015
TRIAL JUDGE:                    HON. DOROTHY WINSTON COLOM
COURT FROM WHICH APPEALED:      LOWNDES COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:         WALTER POOLE JR (PRO SE)
ATTORNEY FOR APPELLEE:          JOYCE IVY CHILES
NATURE OF THE CASE:             CIVIL - REAL PROPERTY
TRIAL COURT DISPOSITION:        REMOVED APPELLANT AS
                                ADMINISTRATOR OF ESTATE AND
                                ORDERED PARTITION OF LAND BY SALE
DISPOSITION:                    AFFIRMED - 10/11/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this case we must determine if the chancellor erred in granting William H. Walton's

motion to remove Walter Poole Jr. as administrator of his wife Vera Walton's estate and

appoint Walton as administrator. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Vera died intestate on July 7, 2009. Poole, Vera's brother, filed a motion in the

Lowndes County Chancery Court requesting his appointment as administrator of Vera's

estate. The motion did not name Walton as one of Vera's heirs. The chancellor granted

Poole's motion. Walton subsequently filed a petition to remove Poole as administrator of Vera's estate. During a hearing on the matter, Poole stated that he had no objection to either his removal as administrator of Vera's estate or the appointment of Walton as administrator.

¶3.     The chancellor removed Poole and appointed Walton as administrator of Vera's estate.[1] Poole now appeals pro se, asserting the chancellor erred by: (1) removing him as administrator of Vera's estate; (2) failing to make adequate findings of fact; and (3) refusing to hear evidence concerning Vera's intent as to the disposition of her property and the appointment of Walton as administrator.

## STANDARD OF REVIEW

¶4.     Our review of a chancellor's judgment is limited. *Frazier v. Shackelford*, 912 So. 2d 138, 143 (¶18) (Miss. 2005) (citing *Miller v. Pannell*, 815 So. 2d 1117, 1119 (¶9) (Miss. 2002)). Generally, we will not disturb a chancellor's findings unless the chancellor was manifestly wrong or clearly erroneous, or applied the wrong legal standard. *Id*.

## DISCUSSION

¶5.     We first note that Walton failed to file an appellee's brief. When the appellee fails to file a brief,

> this Court has two options. First, we may take the appellee's failure to file a
> brief as a confession of error and reverse. This option is favored when the
> record is complicated or of large volume and the case has been thoroughly

---

[1] The hearing also included testimony regarding two other matters, all of which had been consolidated. One matter concerned the estate of Vera's other brother, Oscar Dell Poole. Oscar had died in 1999, and Vera had been appointed administrator of his estate. The other matter concerned the partition of real property owned by Oscar. The chancellor ordered this property sold with the proceeds divided equally among Oscar's heirs. Vera was one of Oscar's heirs.

briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error. However, if the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we may disregard the appellee's error and affirm.

*Jay Foster PLLC v. McNair*, 175 So. 3d 565, 571 (¶15) (Miss. Ct. App. 2015) (quoting *Archie v. City of Canton*, 92 So. 3d 1279, 1282 (¶10) (Miss. Ct. App. 2012)). In this instance, we can safely affirm regardless of Walton's failure to file a brief.

## I.      Removal of Poole as Administrator

¶6.      Poole contends that he should not have been removed as administrator of Vera's estate. However, Poole stated during the hearing that he had no objection to either his removal as administrator of Vera's estate or the appointment of Walton as administrator. This issue is without merit.

## II.      Findings of Fact

## III.      Other Evidence

¶7.      In his other issues, Poole asserts that the chancellor should have allowed him to submit evidence of "Vera's true intent" regarding her property and the appointment of an administrator over her estate. Poole implies that Vera had a will but that it was destroyed or withheld by Walton. But Poole admitted during the hearing that he had no proof to support his allegations. We find no merit to Poole's remaining issues.

¶8.      **THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**