# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00450-COA

**DEMARIO WALKER A/K/A DEMARIO D. WALKER A/K/A DEMARIO DONTEZ WALKER**                    **APPELLANT**

**v.**

**BRYAN A. BAILEY, JIMMY RANDOLPH SPEARS, JAMES RUTLAND, ALBERT BOUNDS, MARK THOMPSON, RANKIN COUNTY BOARD OF SUPERVISORS, RANKIN COUNTY JAIL, AMANDA THOMPSON, EDDIE THOMPSON, GEORGE SCHWINDLING AND QUALITY HEALTHCARE**                    **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/23/2017 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEMARIO WALKER (PRO SE) |
| ATTORNEYS FOR APPELLEES: | ANTHONY SCHMIDT |
| | MARK THOMPSON (PRO SE) |
| | GEORGE SCHWINDLING (PRO SE) |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AS MODIFIED: 08/14/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND GREENLEE, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.     Demario Walker appeals the circuit court's sua sponte dismissal of his civil complaint pursuant to Mississippi Code Annotated section 47-5-76(1) (Rev. 2015). We find the circuit court's dismissal was premature, but nonetheless proper. Accordingly, we affirm.

FACTS AND PROCEDURAL HISTORY

¶2.    On May 19, 2016, Walker, while an inmate in the Rankin County jail, filed a pro se civil complaint in the Circuit Court of Rankin County against Bryan Bailey, the Rankin County sheriff; Jim Spears, James Rutland, and Albert Bounds, Rankin County jail administrators and shift lieutenants; the Rankin County Board of Supervisors; the Rankin County jail; and Mark Thompson, a fellow Rankin County inmate. Walker alleged that while in the custody of the Rankin County jail, he was sexually assaulted by Thompson. He claims the various Rankin County officials failed to maintain a safe and secure environment, failed to protect him, failed to provide adequate supervision, and failed to implement and maintain adequate health care.

¶3.    Summonses were issued and subsequently served upon the defendants.[1] After no answers were filed, on September 1, 2016, Walker requested the circuit clerk to enter a default under Mississippi Rule of Civil Procedure 55(a).

¶4.    On September 20, 2016, Walker filed an amended complaint naming additional Rankin County jail officials, Quality Healthcare, and a second inmate as defendants. Walker again claimed a failure to supervise and maintain a safe and secure environment, and a failure to provide adequate health care. As to the second inmate, Walker claimed the inmate sexually harassed him, attempted to sexually assault him, stalked him, and attempted to

---

[1] We do not address whether service of process was proper under Mississippi Rule of Civil Procedure 4. Walker filed acknowledgments of service that purported to show service on Bailey, Bounds, Spears, and Rutland by regular mail pursuant to M.R.C.P. 4(c)(3). All four acknowledgments appear to bear the same illegible signature of some person with purported authority to accept service on behalf of all four defendants—although the description of the basis of that authority is also illegible. The acknowledgments purport to bear the signature of a notary but lack a notarial seal.

expose him to Hepatitis C. Summonses were subsequently issued to the newly named defendants.

¶5. On September 27, 2016, the circuit clerk entered a default pursuant to Rule 55(a) against Bailey, Spears, Rutland, and Bounds. Walker then moved for a default judgment. The circuit court set the motion for a default judgment for hearing. However, no hearing occurred. Instead, on March 23, 2017, the circuit court entered an order of dismissal with prejudice. The circuit court found Walker had previously filed numerous civil actions, and had had three or more dismissed as frivolous or for failing to state a claim upon which relief may be granted. The circuit court further found Walker had been moved to a different facility and was not under imminent danger of serious physical injury. As a result, the circuit court dismissed Walker's complaint with prejudice pursuant to section 47-5-76(1).

¶6. Walker timely appealed and was granted leave to appeal in forma pauperis. On appeal, Walker claims the circuit court erroneously dismissed his civil complaint.

ANALYSIS

¶7. We first note that the appellees failed to file a brief as outlined in Mississippi Rule of Appellate Procedure 31(b). In such instances, this Court has two options:

> First, we may take the appellee's failure to file a brief as a confession of error and reverse. This option is favored when the record is complicated or of large volume and the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error. However, if the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we may disregard the appellee's error and affirm.

*Poole v. Walton*, 214 So. 3d 1064, 1066 (¶5) (Miss. Ct. App. 2016). Here, examination of

the record shows the judgment can be affirmed.

¶8.     Pursuant to section 47-5-76(1),

> [a]n inmate shall not bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The record shows that Walker, an inmate, has, on three or more prior occasions, while incarcerated or detained in a facility, brought an action in a court that was dismissed on the grounds that it was frivolous or malicious, or failed to state a claim upon which relief may be granted. Indeed, Walker has a long history of filing frivolous lawsuits.

¶9.     Nine years ago, the Fifth Circuit noted that "Walker ha[d] already been informed that he ha[d] accumulated three strikes under 28 U.S.C. § 1915(g)," the federal "three strikes" rule, which is nearly identical to Mississippi Code Annotated section 47-5-76(1).[2] *Walker v. Mississippi Parole Bd.*, 333 F. App'x 843, 845 (5th Cir. 2009) (citing *Walker v. Norwood*, No. 3:08-cv-275-TSL-JCS, 2009 WL 387337, at *1 (S.D. Miss. Feb.13, 2009)). As far back as 2010, this Court considered sanctioning Walker "for his repetitive, frivolous findings" but declined to do so "at [that] time." *Walker v. State*, 35 So. 3d 555, 560 (¶21) (Miss. Ct. App. 2010). In a subsequent case, we noted that Walker had "filed over forty non-habeas lawsuits for perceived mistreatment while incarcerated." *Walker v. Allen*, 119 So. 3d 1111, 1112 (¶1) (Miss. Ct. App. 2011). One of the cases that the circuit judge cited, *Walker v. United States*,

---

[2] Congress enacted the federal rule in 1996 as part of the Prison Litigation Reform Act. Pub. L. No. 104-134, § 804. The Legislature enacted Mississippi's nearly identical rule the same year. 1996 Miss. Laws ch. 395, § 1.

No. 08-CV-3025(ENV), 2008 WL 3851589 (E.D.N.Y. Aug. 18, 2008), was dismissed as frivolous because Walker falsely alleged that he had traveled to New York in 2007, despite the fact that he had been incarcerated in Mississippi since 2003. No doubt, the circuit judge could have found many other frivolous suits filed by Walker on Westlaw or Public Access to Court Electronic Records (PACER), the federal courts' online case information system. A search of PACER shows about 100 federal cases or appeals that Walker has filed, and this Court's online docket lists fifty-seven state appeals, mandamus petitions, et cetera, that he has filed. In short, it is not surprising that Walker's history of filing frivolous lawsuits eventually came to the attention of the circuit judge.

¶10. There is nothing wrong with a circuit court acting sua sponte to enforce the three-strikes rule. *See, e.g.*, *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) (applying the federal three-strikes rule). A "compelling purpose" of the three strikes rule is to give courts "greater power to protect their dockets from meritless lawsuits." *Id.* The court need not wait for a defendant to raise the issue. It was entirely proper for the circuit court in this case to do so on its own motion.

¶11. Additionally, the record shows no evidence that Walker was "under imminent danger of serious physical injury." Miss. Code Ann. § 47-5-76(1). "[F]requent filers" like Walker "sometimes allege that they are in imminent danger so they can avoid paying a filing fee." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). However, "a past injury that has not recurred" does not satisfy the "imminent danger" exception to the three-strikes rule. *Id.* "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed

under [the exception]." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). "[T]he requisite imminent danger of serious physical injury must exist *at the time the complaint . . . is filed*, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Walker failed to allege any such present imminent danger. His complaint alleged an assault by another inmate and inactions by officials at the Rankin County Jail. The complaint clearly stated that "[a]ll events occurred in or at the [R]ankin County Jail." However, the certificates of service for the original complaint and amended complaint and the summonses filled out by Walker show that he was at the Central Mississippi Correctional Facility (CMCF) in Pearl when he filed the original complaint and the amended complaint. Walker did not allege that he was in any imminent danger at CMCF. Therefore, the imminent-danger exception to the three-strikes rule does not apply.

¶12. Even though Walker has had three or more cases dismissed as frivolous or malicious, or for failing to state a claim, section 47-5-76(1) does not preclude him from bringing a civil action; it simply precludes him from bringing a civil action in forma pauperis. *See id.*

¶13. There is no indication in the record that Walker's pauper status was addressed or determined by the circuit court when this case was filed. Although Walker requested and was granted leave to *appeal* in forma pauperis, there is no such request or order in the record regarding his ability to proceed *in the trial court* in forma pauperis. In fact, Walker did not include a pauper's affidavit with his complaint, as required by Mississippi Code Annotated section 11-53-17 (Rev. 2012),[3] and he asserts that he "never requested to proceed [in forma

---

[3] Under section 11-53-17, "[a] citizen may commence any civil action in any court without being required to prepay fees or give security for costs before or after commencing

6

pauperis] except on appeal." Walker further asserts neither the circuit clerk nor the circuit judge "directed or required [him] to pay" or "inquired into [his] (1) willin[gn]ess or (2) ability to pay . . . except on appeal." However, Walker admits he has not paid any fees associated with this civil action. Thus, it appears Walker was allowed to bring, and proceed with, his civil action in the trial court in forma pauperis without a pauper's affidavit or a court order, and without any inquiry as to his financial ability to pay.

¶14.    Without the necessary pauper's affidavit or a judicial order, Walker should not have been allowed to bring or proceed with his civil action in the trial court in forma pauperis. As noted by Walker, "it is implied that [he] was allowed to proceed in forma pauperis by the court allowing it to go as far as being filed and having process issued." However, such implication or assumption of pauper status is insufficient; there must have been some inquiry or determination of indigency.

¶15.    Because there is no indication in the record that the circuit court ever inquired of or determined Walker's financial status, it was premature to dismiss his civil action under section 47-5-76(1). However, the record shows Walker submitted documentation that showed he was unable to afford the costs associated with his appeal. Specifically, the documentation showed Walker has no income or money in checking or savings, and has had an average monthly balance of zero dollars. Clearly, if Walker cannot afford to appeal, he could not afford to proceed in the circuit court with his civil action. Thus, while the circuit court should have addressed and determined Walker's pauper status *before* dismissing his

suit by taking and subscribing a statutorily proscribed affidavit." *Bessent v. Clark*, 974 So. 2d 928, 931 (¶11) (Miss. Ct. App. 2007).

case pursuant to section 47-5-76(1), we find the circuit court's dismissal was nevertheless proper, as the record shows Walker is unable to pay the necessary costs and fees.

¶16.   We note that the circuit court dismissed this action with prejudice. "A dismissal with prejudice indicates a dismissal on the merits." *Jackson v. Bell*, 123 So. 3d 436, 439 (¶7) (Miss. 2013).   Since the circuit court did not address or consider the merits of Walker's claims, the dismissal should have been without prejudice.

¶17.   Finally, as previously noted, the circuit court granted Walker's request to appeal in forma pauperis.  However, "[t]he right to proceed in forma pauperis in civil cases does not extend beyond the initial trial of the matter." *Bessent*, 974 So. 2d at 931-32 (¶11).  While section 11-53-17 allows "persons who are truly indigent [to] proceed in civil actions as paupers[,] . . . this statute authorizes in forma pauperis proceeding[s] in civil cases at the trial level only." *Nelson v. Bank of Miss.*, 498 So. 2d 365, 365 (Miss. 1986).  Also, section 47-5-76(1) specifically precludes Walker from appealing the circuit court's judgment in forma pauperis.  Thus, Walker should never have been allowed to appeal in forma pauperis. Unfortunately, the citizens of Rankin County are now unduly obligated to pay Walker's court costs associated with this appeal.  *See Bessent,* 974 So. 2d at 932 (¶12) ("Bessent never should have been allowed to appeal his claims under the Mississippi Tort Claims Act in forma pauperis.  The citizens of Hinds County are now unduly obligated to pay Bessent's court costs incident to his claim for damages.").

## CONCLUSION

¶18.   We find the circuit court erred in failing to address Walker's financial status before

dismissing his civil action under section 47-5-76(1). However, "[a]n appellate court may affirm a [circuit] court's decision if the correct result is reached, even if the [circuit] court reached the result for the wrong reasons." *Boone v. State*, 148 So. 3d 377, 379 (¶7) (Miss. Ct. App. 2014). It would be a waste of judicial resources to remand this case since documentation submitted by Walker makes clear he is indigent.

¶19. We find the circuit court's dismissal, although premature, was nonetheless appropriate in light of Walker's current status as an inmate and his financial inability to pay the necessary fees. Accordingly, we affirm the circuit court's dismissal of Walker's civil complaint, but modify the order to reflect that the dismissal is without prejudice.

¶20. **AFFIRMED AS MODIFIED.**

**LEE, C.J., BARNES, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON AND WESTBROOKS, JJ.**

**IRVING, P.J., DISSENTING:**

¶21. The majority finds that the dismissal of Walker's complaint was proper, although a bit premature. Because I find that the circuit court apparently acted upon information not properly before it, I dissent. I would reverse and remand this case for further proceedings. I explain.

¶22. The majority's holding is not premised on defective service of process, because the majority opinion makes clear that it "[does] not address whether service of process was proper under Mississippi Rule of Civil Procedure 4." Majority op. at n.1. And since the appropriateness of process has not been raised in this appeal, I likewise do not address it. I

also note, as does the majority, that the appellees have not filed an appellate brief. However, unlike the majority, I cannot say that an examination of the record shows the judgment can be affirmed.

¶23.    First, with all due respect to the majority, it is perplexing how the majority holds that the instant case should be affirmed. When the appellee fails to file a brief, this Court has two options, as articulated in *Poole v. Walton*:

> First, we may take the appellee's failure to file a brief as a confession of error and reverse. This option is favored when the record is complicated or of large volume and the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error. However, if the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we may disregard the appellee's error and affirm.

*Poole v. Walton*, 214 So. 3d 1064, 1066 (¶5) (Miss. App. 2016). Neither of these options aligns with the instant case.

¶24.    First, the record is neither complicated nor voluminous. Also, the appellant's brief did make out an apparent case of error. However, after an examination of the record, I cannot say that there is a sound and unmistakable basis upon which the judgment may be affirmed.

¶25.    It appears that the majority's holding rests solely upon its interpretation and application of Mississippi Code Annotated section 47-5-76(1) (Rev. 2015) to a set of facts mentioned in the circuit court's order of dismissal. However, an examination of the record, which the majority implies it performed, fails to show that those facts were ever placed before the circuit court.

¶26.   Section 47-5-76 provides:

(1)  Except as provided in subsection (2) of this section, if an inmate plaintiff files a pauper's affidavit in a civil action and the defendant is an employee of the department and the civil action pertains to the inmate's condition of confinement, the department shall pay, out of any funds available for such purpose, all costs of court assessed against the inmate in the civil action. However, the department shall not pay the costs of court if the inmate has on three (3) or more prior occasions, while incarcerated, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.

An inmate shall not bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

(2)  An inmate who proceeds in forma pauperis in a civil action shall pay twenty percent (20%) per month of the funds in his or her inmate account to the Department of Corrections until all filing fees and costs of his or her litigation are paid to the department.  The department may withdraw such funds automatically from the account of any inmate permitted a civil filing as a pauper.  If an inmate is allowed an appeal in forma pauperis of a civil action, the inmate shall reimburse all costs and fees to the department by automatic withdrawal each month in the amount of twenty percent (20%) of his or her funds until all state funds are reimbursed.

(Emphasis added).

¶27.   The majority states:

The record shows that Walker, an inmate, has, on three or more prior occasions, while incarcerated or detained in a facility, brought an action in a court that was dismissed on the grounds that it was frivolous[,] malicious, or failed to state a claim upon which relief may be granted.  Indeed, Walker has a long history of filing frivolous lawsuits.  Majority op. at (¶8).

* * * *

Additionally, the record shows no evidence that Walker was under imminent

11

danger of serious physical injury. Majority op. at (¶11) (internal quotation mark omitted).

¶28. With all due respect to the majority, the record does not contain a single pleading bearing that information, nor is there any documentation or testimony to that effect. What the record shows, among other things, is this:

1.      On May 25, 2016, Walker filed a civil action in the Rankin County Circuit Court and listed the following as defendants: Brian Bailey, Jim Spears, James Rutland, Albert Bounds, Mark Thompson, Rankin County Board of Supervisors, and Rankin County Jail.

2.      In the complaint, Walker alleged, among other things, that he was placed in the Rankin County Jail on April 14, 2016, and that on May 2, 2016, he was sexually assaulted by inmate Mark Thompson. He reported the incident to the jail authorities on the same day.

3.      Beginning May 31, 2016, and continuing through July 1, 2016, process was obtained on the following defendants either by service or waiver of process: Bailey, Spears, Rutland, and Bounds. Mark waived process on July 16, 2016.

4.      On September 12, 2016, Walker requested that the clerk issue separate default judgments against Bailey, Spears, Rutland, and Bounds, as these defendants had not answered the complaint.

5.      On September 20, 2016, Walker amended his complaint to add the following defendants: Amanda Thompson, assistant jail administrator; Eddie Thompson, chief jailer; George Schwindling, an inmate; and Quality Healthcare, provider of healthcare for the Rankin County Jail. Also, on that date, Walker filed the waiver of process executed by Mark.

6.      In the amended complaint, Walker alleged, among other things, that inmate Schwindling had sexually assaulted him.

7.      In both the complaint and the amended complaint, Walker alleged that the jail authorities had failed to protect him from assault by inmates Mark and Schwindling.

12

8. The amended complaint was served on Eddie Thompson and Amanda Thompson on September 26, 2016. The record does not show if defendants Schwindling and Quality Healthcare were ever served.

9. On February 7, 2017, the circuit court entered the following order:

> THIS CAUSE came before the 987 Court on the Court's sua sponte motion, to set the pending Motion for Default Judgment for hearing at the request of the Defendant, [sic] and after being advised in the premises, the Court finds such motion is well taken and should be granted.
>
> IT IS THEREFORE ORDERED AND ADJUDGED that the Motion hearing shall be and hereby is set for hearing on the 7th day of March, 2017, at 9:00 a.m., at the Rankin County Courthouse in Brandon, Mississippi. Notice of this hearing shall be mailed, via U.S.P.S. to all parties of the case, and the Court shall arrange transportation for the Plaintiff to and from the hearing.

10. On March 23, 2017, the circuit court entered the following order:

> THIS CAUSE came before the Court on the Court's sua sponte Motion to Dismiss, and after considering the matter, the Court finds this cause shall be set for hearing.
>
> IT IS THEREFORE, ORDERED AND ADJUDGED that the hearing on the Motion to Dismiss shall be, and hereby is, continued from the 7th day of March, 2017[,] at 9:00 a.m. until the 6th day of April, 2017[,] at 1:00 p.m., at the Rankin County Justice Center in Brandon, Mississippi. Notice of this hearing shall be mailed via U.S.P.S. to all parties and counsel of record in this case, and the Court shall arrange transportation for the Plaintiff to and from the hearing.

11. On March 23, 2017, the circuit court entered the following order:

> The above styled and numbered cause comes before the Court on the Court's own motion. Pursuant to Miss. Code Ann. 47-5-76(1), "an inmate shall not bring a civil action or appeal a judgment in a civil action or

13

proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff has filed numerous civil actions in various courts, of which, three (3) or more have been dismissed as frivolous and/or failing to state a claim upon which relief may be granted.[] Additionally, Plaintiff has been moved to a facility where there is no claim of imminent danger of serious physical injury.

IT IS, THEREFORE, ORDERED that the Complaint filed herein be and is hereby dismissed, with prejudice. The Circuit Clerk is hereby directed to furnish the Plaintiff with a copy of this order, and is further directed to withhold from filing any future civil action or proceeding in forma pauperis from the Plaintiff.

12. In a footnote, the court listed the following actions as having been filed by Walker:

*Demario Walker v. Debra Platt and Abranda Brewer*, Cause No. 2008-09-143(2); Circuit Court of Greene County Mississippi; *Demario Walker v. State of Mississippi*, Civil Action No. 3:04CV140LS; U.S. Dist. Ct. for the So. Dist. of Miss.; Demario Walker v. U.S., Civil No. 08-1314 JAH (LSP); U.S. Dist. Ct. for the So. Dist. of Calif; *Demario Walker v. U.S.*, 08-CV-3025 (ENV) (LB); U.S. Dist. Ct. E. Dist. of NY.

¶29. The record does not reflect that a hearing was ever held or that the defendants ever filed any kind of responsive pleading. Therefore, it is a mystery as to how the circuit court came up with the information regarding Walker's prior filings. The majority, citing to *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010), states: "There is nothing wrong with a

14

circuit court acting sua sponte to enforce the three-strikes rule." Majority op. at (¶10). However, the majority fails to note that the circuit court may only take judicial notice of evidence when it is readily available. *Alston v. FBI*, 747 F. Supp. 2d 28, 30 (D.D.C. 2010). "Evidence showing the grounds for prior dismissals . . . must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself." *Harris,* 607 F.3d at 23 (quoting *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005)).

¶30.    In any event, *Harris* is distinguishable from the instant case. In *Harris*, the appellant sought leave to proceed in forma pauperis (IFP), which was granted by the court. *Id*. at 20. In the instant case, Walker did not request the circuit court to proceed in forma pauperis. I will return to this point later.

¶31.    Furthermore, in *Harris*, the appellees answered the complaint, but failed to address the three-strikes rule in their answer. *Id.* After noticing their error, the appellees filed a motion requesting that appellant's IFP status be revoked. *Id.* The court then relied on docket sheets to determine whether the appellant had previously brought three or more meritless claims. *Id.* In the instant case, not only did the appellees not file an appellate brief, but they failed to answer Walker's initial complaint.

¶32.    It is perplexing as to how the circuit judge took judicial notice of the filings in New York and California, and as to the two cases filed in Mississippi, it does not seem likely that the Rankin County Circuit Court would have known about those cases, as they were not part of the current or past docket of the Rankin County Circuit Court.

¶33. Rule 201(b)-(c) of the Mississippi Rules of Evidence provides:

**(b) Kinds of Facts That May Be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it:

    (1) is generally known within the trial court's territorial jurisdiction; or

    (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice**. The court:

    (1) may take judicial notice on its own; or

    (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

It is clear that Rule 201 permits a trial judge to take judicial notice only of adjudicative facts that are within the trial court's territorial jurisdiction or can be readily determined from sources whose accuracy cannot reasonably be questioned. Neither of the cases cited by the circuit court in its order of dismissal, and relied upon by the majority, appears on the circuit court docket or repose within the trial court's territorial jurisdiction, as was the case in *Harris*. In my judgment, the trial court cannot conduct research outside of its territorial jurisdiction under the guise of taking judicial notice of the facts found by such research. When the court does so, it becomes an advocate and not a fair and impartial arbiter.

¶34. The majority states:

No doubt, the circuit judge could have found many other frivolous suits filed by Walker on Westlaw or Public Access to Court Electronic Records (PACER), the federal courts' online case information system. A search of PACER shows about 100 federal cases or appeals that Walker has filed, and this Court's online docket lists fifty-seven state appeals, mandamus petitions, et cetera, that he has filed. In short, it is not surprising that Walker's history

16

of filing frivolous lawsuits eventually came to the attention of the circuit judge.

Majority op. at (¶9). As to the majority's assertion that "it is not surprising that Walker's history of filing frivolous lawsuits eventually came to the attention of the circuit judge," suffice it to say that Walker's filings either had to be presented to the trial judge by the defendants, which was not the case, or discovered by the trial court by conducting research outside of its territorial jurisdiction, which is not permitted.

¶35. I return to the IFP matter. One fact comes through loud and clear: the record does not reflect that Walker filed his complaint as a pauper. It simply reflects that Walker apparently did not pay a filing fee when he filed his complaint. For certain, he did not make an application for permission to proceed in forma pauperis in the circuit court. It is also clear that when he filed his complaint, he was *under imminent danger of serious physical injury*. Therefore, even with those prior frivolous filings, section 47-5-76(1) was not a bar to his filing the complaint in the circuit court.

¶36. Moreover, the majority states, "the record shows no evidence that Walker was under imminent danger of serious physical injury." Majority op. at (¶11) (internal quotation mark omitted). I should point out that there is no evidence in this record refuting the allegations in Walker's complaint regarding the sexual assaults that he suffered. Surely, it cannot be legitimately argued that sexual assault does not constitute serious physical injury.

¶37. Further, the majority gestures to the Seventh, Eight, and Eleventh Circuits to help it interpret the exception to the three-strikes rule. But, "[o]nly the Third, Seventh, and Eighth Circuits have applied the *serious physical injury* portion of the exception." *Brown v.*

17

*Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (emphasis added) (internal quotation marks omitted). The Fifth Circuit has held that "[a] prisoner's danger [is] to be made at the time of the IFP motion." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). "[The court] must determine if danger exists at the time the plaintiff seeks to file his complaint or notice of appeal IFP." *Id.* at 885. The majority states:

> Walker failed to allege any such present imminent danger. His complaint alleged an assault by another inmate and inactions by officials at the Rankin County Jail. The complaint clearly stated that all events occurred in or at the Rankin County Jail. However, the certificates of service for the original complaint and amended complaint and the summonses filled out by Walker show that he was at the Central Mississippi Correctional Facility (CMCF) in Pearl when he filed the original complaint and the amended complaint. Walker did not allege that he was in any imminent danger at CMCF. Therefore, the imminent-danger exception to the three-strikes rule does not apply.

Majority op. at (¶11) (alternations and internal quotation marks omitted).

¶38. The majority suggests that, at the time of the filing of his original and amended complaint, Walker had apparently been removed from the Rankin County Jail where the assaults had occurred and, therefore, was no longer in danger, because Walker's certificates of service for the original and amended complaint reflect his address as the CMCF's address instead of the Rankin County Jail's address. But the majority neglects to notice that there are several subsequent instances where both Walker and the court use the Rankin County Jail's address. The use of the Rankin County Jail's address gives an inference that Walker was still present at the Rankin County Jail when he filed his complaint. Thus, danger existed at the time he filed his complaint. Furthermore, it is perplexing how Walker could be in the custody of CMCF when he filed his complaint on May 19, 2016, but he was not sentenced

18

until August 22, 2016.

¶39. But even if I were to accept, and I do not, that Walker's prior frivolous filings were a bar to his proceeding in forma pauperis, or that he did not meet the exception, I could not agree that, on these facts, dismissal of his complaint was appropriate. Section 47-5-76(2) provides in pertinent part: "An inmate who proceeds in forma pauperis in a civil action shall pay twenty percent (20%) per month of the funds in his or her inmate account to the Department of Corrections until all filing fees and costs of his or her litigation are paid to the department." There is no dispute that Walker was allowed to proceed in the circuit court without paying the filing fee and without being adjudicated a pauper. If he was not a pauper at the time he filed his complaint, he owes the filing fee. If he was a pauper, he was entitled to proceed without paying the fees up front since the allegations of his complaint make clear that he was *under imminent danger of serious physical injury* at the time he filed the complaint. So in that instance, the provisions of section 47-5-76(2) would become applicable, and the filing fees would be deducted on a monthly basis from his inmate account. It does not matter that he may not have had any money in his inmate account at the time of the filing.

¶40. Surely, the Legislature knew when it enacted section 47-5-76(2) that there would be times when an inmate may not have any money in his account. Also, it is clear to me that the Legislature did not intend to deny an inmate access to the court for redress no matter how many frivolous complaints the inmate may have filed if the inmate was presently *under imminent danger of serious physical injury*.

19

¶41. The majority states that "Walker submitted documentation that showed he was unable to afford the costs associated with his appeal." Majority op. at (¶15). The majority then concludes, "Clearly, if Walker cannot afford to appeal, he could not afford to proceed in the circuit court with his civil action." *Id*. The majority's backward extrapolation concerning Walker's financial status is beyond my ability to discern. Moreover, even if Walker was unable to personally pay the filing fees in 2016, that fact does not prove that he could not have gotten someone to pay the fees on his behalf. After all, he did not seek in forma pauperis status at the time he filed his complaint, and since he did not do so, the proper remedy would have been to give him notice that his complaint would be dismissed unless he either paid the filing fees or obtained permission to proceed in forma pauperis.

¶42. For the reasons presented, I dissent. I would reverse and remand this case for further proceedings consistent with the procedural status of the case when the court sua sponte dismissed it. And in that regard, I note that Walker had a pending motion for a default judgment against some of the appellees who had been served with process but had failed to answer his complaint in the required time period.

**CARLTON AND WESTBROOKS, JJ., JOIN THIS OPINION.**