GRIFFIS, P.J., FOR THE COURT:
 

 ¶ 1. Demario Walker appeals the circuit court's sua sponte dismissal of his civil complaint pursuant to Mississippi Code Annotated section 47-5-76(1) (Rev. 2015). We find the circuit court's dismissal was premature, but nonetheless proper. Accordingly, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On May 19, 2016, Walker, while an inmate in the Rankin County jail, filed a pro se civil complaint in the Circuit Court of Rankin County against Bryan Bailey, the Rankin County sheriff; Jim Spears, James Rutland, and Albert Bounds, Rankin County jail administrators and shift lieutenants; the Rankin County Board of Supervisors; the Rankin County jail; and Mark Thompson, a fellow Rankin County inmate. Walker alleged that while in the custody of the Rankin County jail, he was
 sexually assaulted by Thompson. He claims the various Rankin County officials failed to maintain a safe and secure environment, failed to protect him, failed to provide adequate supervision, and failed to implement and maintain adequate health care.
 

 ¶ 3. Summonses were issued and subsequently served upon the defendants.
 
 [1]
 
 After no answers were filed, on September 1, 2016, Walker requested the circuit clerk to enter a default under Mississippi Rule of Civil Procedure 55(a).
 

 ¶ 4. On September 20, 2016, Walker filed an amended complaint naming additional Rankin County jail officials, Quality Healthcare, and a second inmate as defendants. Walker again claimed a failure to supervise and maintain a safe and secure environment, and a failure to provide adequate health care. As to the second inmate, Walker claimed the inmate sexually harassed him, attempted to sexually assault him, stalked him, and attempted to expose him to Hepatitis C. Summonses were subsequently issued to the newly named defendants.
 

 ¶ 5. On September 27, 2016, the circuit clerk entered a default pursuant to Rule 55(a) against Bailey, Spears, Rutland, and Bounds. Walker then moved for a default judgment. The circuit court set the motion for a default judgment for hearing. However, no hearing occurred. Instead, on March 23, 2017, the circuit court entered an order of dismissal with prejudice. The circuit court found Walker had previously filed numerous civil actions, and had had three or more dismissed as frivolous or for failing to state a claim upon which relief may be granted. The circuit court further found Walker had been moved to a different facility and was not under imminent danger of serious physical injury. As a result, the circuit court dismissed Walker's complaint with prejudice pursuant to section 47-5-76(1).
 

 ¶ 6. Walker timely appealed and was granted leave to appeal in forma pauperis. On appeal, Walker claims the circuit court erroneously dismissed his civil complaint.
 

 ANALYSIS
 

 ¶ 7. We first note that the appellees failed to file a brief as outlined in Mississippi Rule of Appellate Procedure 31(b). In such instances, this Court has two options:
 

 First, we may take the appellee's failure to file a brief as a confession of error and reverse. This option is favored when the record is complicated or of large volume and the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error. However, if the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we may
 disregard the appellee's error and affirm.
 

 Poole v. Walton
 
 ,
 
 214 So.3d 1064
 
 , 1066 (¶ 5) (Miss. Ct. App. 2016). Here, examination of the record shows the judgment can be affirmed.
 

 ¶ 8. Pursuant to section 47-5-76(1),
 

 [a]n inmate shall not bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
 

 The record shows that Walker, an inmate, has, on three or more prior occasions, while incarcerated or detained in a facility, brought an action in a court that was dismissed on the grounds that it was frivolous or malicious, or failed to state a claim upon which relief may be granted. Indeed, Walker has a long history of filing frivolous lawsuits.
 

 ¶ 9. Nine years ago, the Fifth Circuit noted that "Walker ha[d] already been informed that he ha[d] accumulated three strikes under
 
 28 U.S.C. § 1915
 
 (g)," the federal "three strikes" rule, which is nearly identical to Mississippi Code Annotated section 47-5-76(1).
 
 [2]
 

 Walker v. Mississippi Parole Bd.
 
 ,
 
 333 F. App'x 843
 
 , 845 (5th Cir. 2009) (citing
 
 Walker v. Norwood
 
 , No. 3:08-cv-275-TSL-JCS,
 
 2009 WL 387337
 
 , at *1 (S.D. Miss. Feb.13, 2009) ). As far back as 2010, this Court considered sanctioning Walker "for his repetitive, frivolous findings" but declined to do so "at [that] time."
 
 Walker v. State
 
 ,
 
 35 So.3d 555
 
 , 560 (¶ 21) (Miss. Ct. App. 2010). In a subsequent case, we noted that Walker had "filed over forty non-habeas lawsuits for perceived mistreatment while incarcerated."
 
 Walker v. Allen
 
 ,
 
 119 So.3d 1111
 
 , 1112 (¶ 1) (Miss. Ct. App. 2013). One of the cases that the circuit judge cited,
 
 Walker v. United States
 
 , No. 08-CV-3025(ENV),
 
 2008 WL 3851589
 
 (E.D.N.Y. Aug. 18, 2008), was dismissed as frivolous because Walker falsely alleged that he had traveled to New York in 2007, despite the fact that he had been incarcerated in Mississippi since 2003. No doubt, the circuit judge could have found many other frivolous suits filed by Walker on Westlaw or Public Access to Court Electronic Records (PACER), the federal courts' online case information system. A search of PACER shows about 100 federal cases or appeals that Walker has filed, and this Court's online docket lists fifty-seven state appeals, mandamus petitions, et cetera, that he has filed. In short, it is not surprising that Walker's history of filing frivolous lawsuits eventually came to the attention of the circuit judge.
 

 ¶ 10. There is nothing wrong with a circuit court acting sua sponte to enforce the three-strikes rule.
 
 See, e.g.
 
 ,
 
 Harris v. City of New York
 
 ,
 
 607 F.3d 18
 
 , 23 (2d Cir. 2010) (applying the federal three-strikes rule). A "compelling purpose" of the three strikes rule is to give courts "greater power to protect their dockets from meritless lawsuits."
 

 Id.
 

 The court need not wait for a defendant to raise the issue. It was entirely proper for the circuit court in this case to do so on its own motion.
 

 ¶ 11. Additionally, the record shows no evidence that Walker was "under
 imminent danger of serious physical injury."
 
 Miss. Code Ann. § 47-5-76
 
 (1). "[F]requent filers" like Walker "sometimes allege that they are in imminent danger so they can avoid paying a filing fee."
 
 Ciarpaglini v. Saini
 
 ,
 
 352 F.3d 328
 
 , 330 (7th Cir. 2003). However, "a past injury that has not recurred" does not satisfy the "imminent danger" exception to the three-strikes rule.
 

 Id.
 

 "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under [the exception]."
 
 Brown v. Johnson
 
 ,
 
 387 F.3d 1344
 
 , 1349 (11th Cir. 2004). "[T]he requisite imminent danger of serious physical injury must exist
 
 at the time the complaint ... is filed
 
 , not when the alleged wrongdoing occurred."
 
 Martin v. Shelton
 
 ,
 
 319 F.3d 1048
 
 , 1050 (8th Cir. 2003) (emphasis added). Walker failed to allege any such present imminent danger. His complaint alleged an assault by another inmate and inactions by officials at the Rankin County Jail. The complaint clearly stated that "[a]ll events occurred in or at the [R]ankin County Jail." However, the certificates of service for the original complaint and amended complaint and the summonses filled out by Walker show that he was at the Central Mississippi Correctional Facility (CMCF) in Pearl when he filed the original complaint and the amended complaint. Walker did not allege that he was in any imminent danger at CMCF. Therefore, the imminent-danger exception to the three-strikes rule does not apply.
 

 ¶ 12. Even though Walker has had three or more cases dismissed as frivolous or malicious, or for failing to state a claim, section 47-5-76(1) does not preclude him from bringing a civil action; it simply precludes him from bringing a civil action in forma pauperis.
 
 See
 
 id.
 

 ¶ 13. There is no indication in the record that Walker's pauper status was addressed or determined by the circuit court when this case was filed. Although Walker requested and was granted leave to
 
 appeal
 
 in forma pauperis, there is no such request or order in the record regarding his ability to proceed
 
 in the trial court
 
 in forma pauperis. In fact, Walker did not include a pauper's affidavit with his complaint, as required by Mississippi Code Annotated section 11-53-17 (Rev. 2012),
 
 [3]
 
 and he asserts that he "never requested to proceed [in forma pauperis] except on appeal." Walker further asserts neither the circuit clerk nor the circuit judge "directed or required [him] to pay" or "inquired into [his] (1) willin[gn]ess or (2) ability to pay ... except on appeal." However, Walker admits he has not paid any fees associated with this civil action. Thus, it appears Walker was allowed to bring, and proceed with, his civil action in the trial court in forma pauperis without a pauper's affidavit or a court order, and without any inquiry as to his financial ability to pay.
 

 ¶ 14. Without the necessary pauper's affidavit or a judicial order, Walker should not have been allowed to bring or proceed with his civil action in the trial court in forma pauperis. As noted by Walker, "it is implied that [he] was allowed to proceed in forma pauperis by the court allowing it to go as far as being filed and having process issued." However, such implication or assumption of pauper status is insufficient; there must have been some inquiry or determination of indigency.
 

 ¶ 15. Because there is no indication in the record that the circuit court ever inquired
 of or determined Walker's financial status, it was premature to dismiss his civil action under section 47-5-76(1). However, the record shows Walker submitted documentation that showed he was unable to afford the costs associated with his appeal. Specifically, the documentation showed Walker has no income or money in checking or savings, and has had an average monthly balance of zero dollars. Clearly, if Walker cannot afford to appeal, he could not afford to proceed in the circuit court with his civil action. Thus, while the circuit court should have addressed and determined Walker's pauper status
 
 before
 
 dismissing his case pursuant to section 47-5-76(1), we find the circuit court's dismissal was nevertheless proper, as the record shows Walker is unable to pay the necessary costs and fees.
 

 ¶ 16. We note that the circuit court dismissed this action with prejudice. "A dismissal with prejudice indicates a dismissal on the merits."
 
 Jackson v. Bell
 
 ,
 
 123 So.3d 436
 
 , 439 (¶ 7) (Miss. 2013). Since the circuit court did not address or consider the merits of Walker's claims, the dismissal should have been without prejudice.
 

 ¶ 17. Finally, as previously noted, the circuit court granted Walker's request to appeal in forma pauperis. However, "[t]he right to proceed in forma pauperis in civil cases does not extend beyond the initial trial of the matter."
 
 Bessent
 
 , 974 So.2d at 931-32 (¶ 11). While section 11-53-17 allows "persons who are truly indigent [to] proceed in civil actions as paupers[,] ... this statute authorizes in forma pauperis proceeding[s] in civil cases at the trial level only."
 
 Nelson v. Bank of Miss.
 
 ,
 
 498 So.2d 365
 
 , 365 (Miss. 1986). Also, section 47-5-76(1) specifically precludes Walker from appealing the circuit court's judgment in forma pauperis. Thus, Walker should never have been allowed to appeal in forma pauperis. Unfortunately, the citizens of Rankin County are now unduly obligated to pay Walker's court costs associated with this appeal.
 
 See
 

 Bessent,
 
 974 So.2d at 932 (¶ 12) ("Bessent never should have been allowed to appeal his claims under the Mississippi Tort Claims Act in forma pauperis. The citizens of Hinds County are now unduly obligated to pay Bessent's court costs incident to his claim for damages.").
 

 CONCLUSION
 

 ¶ 18. We find the circuit court erred in failing to address Walker's financial status before dismissing his civil action under section 47-5-76(1). However, "[a]n appellate court may affirm a [circuit] court's decision if the correct result is reached, even if the [circuit] court reached the result for the wrong reasons."
 
 Boone v. State
 
 ,
 
 148 So.3d 377
 
 , 379 (¶ 7) (Miss. Ct. App. 2014). It would be a waste of judicial resources to remand this case since documentation submitted by Walker makes clear he is indigent.
 

 ¶ 19. We find the circuit court's dismissal, although premature, was nonetheless appropriate in light of Walker's current status as an inmate and his financial inability to pay the necessary fees. Accordingly, we affirm the circuit court's dismissal of Walker's civil complaint, but modify the order to reflect that the dismissal is without prejudice.
 

 ¶ 20.
 
 AFFIRMED AS MODIFIED.
 

 LEE, C.J., BARNES, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON AND WESTBROOKS, JJ.
 

 We do not address whether service of process was proper under Mississippi Rule of Civil Procedure 4. Walker filed acknowledgments of service that purported to show service on Bailey, Bounds, Spears, and Rutland by regular mail pursuant to M.R.C.P. 4(c)(3). All four acknowledgments appear to bear the same illegible signature of some person with purported authority to accept service on behalf of all four defendants-although the description of the basis of that authority is also illegible. The acknowledgments purport to bear the signature of a notary but lack a notarial seal.
 

 Congress enacted the federal rule in 1996 as part of the Prison Litigation Reform Act. Pub. L. No. 104-134, § 804. The Legislature enacted Mississippi's nearly identical rule the same year. 1996 Miss. Laws ch. 395, § 1.
 

 Under section 11-53-17, "[a] citizen may commence any civil action in any court without being required to prepay fees or give security for costs before or after commencing suit by taking and subscribing a statutorily proscribed affidavit."
 
 Bessent v. Clark
 
 ,
 
 974 So.2d 928
 
 , 931 (¶ 11) (Miss. Ct. App. 2007).