# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00919-COA

DEMARIO WALKER                                                    APPELLANT

v.

MISSISSIPPI STATE PAROLE BOARD, MDOC                              APPELLEES
RECORDS DEPARTMENT, MDOC SENTENCE
COMPUTATION UNIT SUPERVISOR, AND THE
MISSISSIPPI DEPARTMENT OF
CORRECTIONS

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2023 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DEMARIO WALKER (PRO SE) |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: KIMBERLY PINE TURNER WILLIAM R. COLLINS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 01/07/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Demario Walker appeals the Hinds County Circuit Court's dismissal of his petition for judicial review of a decision by the Mississippi Department of Corrections (MDOC). The circuit court entered an order dismissing Walker's petition after finding Walker had not exhausted his available administrative remedies before seeking judicial relief.

¶2.     Upon review, we find no error in the dismissal of Walker's petition. We therefore affirm the circuit court's order.

## FACTS

¶3.    Demario Walker is currently imprisoned in Rankin County in the custody of the Mississippi Department of Corrections (MDOC) serving sentences for convictions in Jefferson Davis, Rankin, Greene, and Lamar Counties.  *See Walker v. State*, No. 2023-CP-00787-COA, 2024 WL 4272691, at *1 (¶1) (Miss. Ct. App. Sept. 24, 2024).  On April 11, 2023, Walker filed a petition in the Hinds County Circuit Court seeking judicial review of the MDOC's Administrative Remedy Program (ARP) decision.  In his petition, Walker alleged that the MDOC failed to accurately calculate his trusty earned time under Mississippi Code Annotated section 47-5-138.1 (Rev. 2015).  Walker requested that the circuit court order the MDOC to recalculate Walker's inmate timesheet.

¶4.    On June 20, 2023, the circuit court entered an order dismissing Walker's petition for judicial review because Walker "failed to attach an ARP decision for the [c]ourt to review" and "failed to exhaust administrative remedies."  Walker now appeals from the circuit court's order dismissing his petition.[1]

## STANDARD OF REVIEW

¶5.    "The question of the exhaustion of administrative remedies is a jurisdictional question, as is the personal jurisdiction issue in this case."  *Robinson v. Miss. Dep't of Corr*., 359 So.

---

[1] Walker asserts that he received the circuit court's order of dismissal on June 27, 2023, and the record appears to confirm Walker's timeline.  The docket reflects that Walker filed his notice of appeal from the circuit court's decision on July 14, 2023.  He then filed a motion for reconsideration on July 21, 2023.  Once Walker perfected his appeal of the June 20, 2023 order, the circuit court had no jurisdiction to enter an order modifying, amending, or reconsidering that judgment. *See Corp. Mgmt. Inc. v. Greene County*, 23 So. 3d 454, 460 (¶13) (Miss. 2009). Our review of the docket confirms that the trial court did not rule on Walker's motion for reconsideration.

3d 237, 239 (¶9) (Miss. Ct. App. 2023) (internal quotation marks and citation omitted). "Jurisdictional matters are a question of law, and the standard of review is de novo." *Id.* (quoting *Clark v. Middlebrooks*, 328 So. 3d 1272, 1273 (¶2) (Miss. Ct. App. 2021)).

## DISCUSSION

### I.      Dismissal of Petition for Judicial Review

¶6.      Walker argues that the circuit court erred in dismissing his petition for judicial review.[2] In his petition, Walker claimed that the MDOC miscalculated his trusty earned time and incorrectly computed his inmate timesheet. He also alleged that MDOC "has refused to answer all letters, informal and formal grievances, and requests" regarding the calculation of his sentence. However, the record shows that Walker failed to attach any documentation evidencing that he even initiated—much less fully exhausted—the steps for administrative remedy through the MDOC before filing his petition for judicial review.[3]

¶7.      In his appellate brief, Walker admits that he did not submit to the circuit court any documentation regarding the exhaustion of his administrative remedies. Our caselaw is clear

---

[2] In addition to renewing his claim that the MDOC miscalculated his trusty earned time, Walker asserts new claims for the first time on appeal. We find that Walker's claims raised for the first time on appeal are procedurally barred and not properly before this Court for appellate review. *See Smith v. State*, 385 So. 3d 879, 883 (¶10) (Miss. Ct. App. 2024) ("Precedent mandates that this Court not entertain arguments made for the first time on appeal as the case must be decided on the facts contained in the record and not on assertions in the briefs."). We therefore limit our review to the circuit court's June 20, 2023 dismissal of Walker's petition for judicial review.

[3] While the record before us contains ARP documents related to a prior grievance Walker filed regarding the denial of gender confirmation surgery, these ARP documents are unrelated to Walker's present claim regarding the computation of his inmate timesheet and calculation of his trusty earned time.

that "[a]n inmate must challenge MDOC's calculation of credit for time served by obtaining a final ARP decision and then seeking judicial review . . . [.]" *Easterling v. State*, 283 So. 3d 1198, 1200 (¶4) (Miss. Ct. App. 2019) (emphasis added). Mississippi Code Annotated section 47-5-803(2) (Rev. 2015) also provides that "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure." Miss. Code Ann. § 47-5-803(2); *accord Carroll v. State*, 371 So. 3d 196, 198 (¶5) (Miss. Ct. App. 2023).

¶8.     Here, the circuit court dismissed Walker's petition after finding that he "failed to attach an ARP decision for the Court to review" and "failed to exhaust administrative remedies." Because the record confirms that Walker "sought judicial review of his claims prior to exhausting available administrative relief through MDOC's ARP, the circuit court correctly [dismissed] his [petition]." *Carroll*, 371 So. 3d at 199 (¶7).

¶9.     As a final matter, we acknowledge that the MDOC and Mississippi Parole Board raised additional claims of error in their appellate briefs. However, because we are affirming the circuit court's dismissal of Walker's petition for judicial review, we will briefly address only the Parole Board's claim that the circuit court lacked personal jurisdiction over it due to Walker's failure to serve the Parole Board with the petition for judicial review.

¶10.    Although "[s]ervice of process is not required when a prisoner files a petition for review of an ARP decision in circuit court[,] . . . [Walker] was required to provide notice of his intent to seek judicial review under Uniform Civil Rule of Circuit and County Court

4

5.04." *Hesler v. Alcorn Cnty. Corr. Facility*, 315 So. 3d 1040, 1041 (¶6) (Miss. 2021) (citation omitted). Rule 5.04 states that a "party desiring to appeal a decision from a lower court must file a written notice of appeal with the circuit court clerk," and "[a] copy of that notice must be provided to all parties or their attorneys of record and the lower court or lower authority whose order or judgment is being appealed." UCRCCC 5.04. "A petition for judicial review filed pursuant to section 47-5-807, as in this case, must comply with UCRCCC 5.04 for the circuit court to have personal jurisdiction over [a named party]." *Robinson*, 359 So. 3d at 239 (¶11); *see also Smith v. State*, 293 So. 3d 238, 241-43 (¶¶17-22) (Miss. 2020); *Clark*, 328 So. 3d at 1273-74 (¶¶4-7).

¶11. In his petition for judicial review, Walker named the following parties: the Parole Board, the MDOC Records Department, and the MDOC Sentence Computation Unit Supervisor. The record shows that Walker provided notice of his intent to seek judicial review in the circuit court and the Civil Litigation Division of the Mississippi Attorney General's Office. In his letter to the circuit court, Walker asked the court to require the MDOC to respond to his petition for judicial review. The record does not contain any certificate of service regarding the petition for judicial review.

¶12. When determining whether a prisoner had provided sufficient notice of his intent to seek judicial review of an ARP decision, the Mississippi Supreme Court has held that appellate courts "will take into account when a prisoner is proceeding pro se and grant some degree of leniency." *Hesler*, 315 So. 3d at 1042 (¶11). In this case, we find that by providing notice of his intent to seek judicial review to the Attorney General's Office, which

5

represents the Parole Board in such matters, Walker made "a good-faith effort" to provide notice to the Parole Board pursuant to Rule 5.04. *Id.*; *see also Smith*, 293 So. 3d at 242-43 (¶¶21-22). Walker's "good-faith effort" of providing notice to the Parole Board was sufficient in this case to confer to the circuit court personal jurisdiction over the Parole Board.

## II. Walker's In Forma Pauperis (IFP) Status

¶13. Mississippi Code Annotated section 47-5-76 (Rev. 2015) governs the payment of costs by the MDOC for an inmate's filing of a civil action. Subsection (1) of the statute states, in pertinent part, as follows:

> An inmate shall not bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, *on three (3) or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Miss. Code Ann. § 47-5-76(1) (emphasis added).

¶14. As this Court has previously recognized, Walker long ago accumulated far more than three strikes under this statute. *Walker v. Bailey*, 270 So. 3d 195, 199 (¶¶8-9) (Miss. Ct. App. 2018); *see also, e.g.*, *Walker v. Miss. Parole Bd.*, 333 F. App'x 843, 845 (5th Cir. 2009) (dismissing Walker's appeal pursuant to the federal three-strikes rule and barring him from proceeding IFP in civil actions or appeals); *Walker v. Turner*, No. 4:18-CV-48-GHD-DAS, 2019 WL 1460888, at *1 (N.D. Miss. Apr. 2, 2019) (dismissing Walker's complaint as "vexatious," "detailing Mr. Walker's extensive history of frivolous, meritless, vexatious litigation," and requiring Walker to submit documentary evidence in support of any

complaint alleging an exception to the federal three-strikes rule), *appeal dismissed*, No. 19-60281, 2019 WL 5454748 (5th Cir. June 12, 2019) (failure to timely pay docketing fee); *Walker v. Hunt*, No. 1:19-CV-246-LG-RPM, 2022 WL 16921823, at *4 (S.D. Miss. Nov. 14, 2022) (prohibiting Walker from filing any additional complaints without first obtaining leave to do so and "find[ing] that this sanction is justified by the sheer volume of abusive, recreational, fraudulent, or frivolous litigation that [Walker] has produced over his almost two decades of incarceration").

¶15.   Nonetheless, the circuit court in this case granted Walker leave to appeal IFP, and we allowed the appeal to proceed. In the future, neither the circuit court nor this Court should allow Walker to proceed IFP unless he first shows that he is actually "under imminent danger of serious physical injury." Miss. Code Ann. § 47-5-76(1).

### CONCLUSION

¶16.   Because Walker failed to first seek relief through MDOC's ARP prior to seeking judicial review, we affirm the circuit court's order of dismissal.[4]

¶17.   **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. ST. PÉ, J., NOT PARTICIPATING.**

---

[4] "In affirming the circuit court's order, we note that nothing in our decision prohibits [Walker] from pursuing any administrative remedy or right to judicial review that remains available to him.'" *Carroll*, 371 So. 3d at 199 (¶7). "We [further] note that a petition for judicial review of a final ARP decision generally should be filed in the county in which the inmate is housed, not the county of his conviction." *Easterling*, 283 So. 3d at 1200 n.2.